239 So.2d 134 (1970)
GENERAL CAPITAL CORPORATION, Petitioner,
v.
TEL SERVICE CO., Inc., a Florida Corporation, G.E. Grass and Richard A. Noll, Respondents.
Nos. 4990, 7477 and 67-106.
District Court of Appeal of Florida, Second District.
September 2, 1970.
Rehearing Denied September 24, 1970.
*135 Edward I. Cutler, of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Tampa, for petitioner.
William B. Holland, of Jollay & Holland, Winter Haven, E.A. Bosarge, Bartow, and Sinclair & Louis, Miami, for respondents.
PIERCE, Judge.
This case is here upon petition of General Capital Corporation to review the judgment for costs entered by the trial Court.
The previous history of this litigation has been adequately depicted in this Court's previous opinion reported in 212 So.2d 369, which affirmed the final decree in appeal case No. 4990, reversed the amended final decree in appeal case No. 7477, and reversed the final judgment in appeal case No. 67-106, with directions to enter judgment in a specified reduced amount. The Supreme Court, in 227 So.2d 667, affirmed the holding of this Court.
It is unnecessary here to review the vast complex and complicated entanglements evolving out of the previous dealings and litigation between the parties. Suffice to say that the original final decree in the lower Court held certain transactions to be criminally usurious loans in violation of Florida Statutes and directed recovery by Tel Service of well over a half million dollars plus interest from General Capital. Appeal to this Court was taken from said decree by General Capital, and while the appeal was pending the Florida legislature in 1965 enacted a statute the effect of which was to materially reduce the amount of the judgment to which Tel Service was otherwise entitled. The legal applicability of the intervening legislation was upheld and the final result of the litigation was as stated.
After the parties had exhausted their litigious efforts on the merits, General Capital filed in the trial Court motion for allowance of Court costs, claiming only items incurred subsequent to the first appeal to this Court wherein the original final decree was affirmed. The trial Court entered order awarding a judgment for costs in favor of General Capital but limited the amount thereof to a one year's premium on a supersedeas bond which General Capital posted incident to the appeal from this Court to the Supreme Court. All other claimed items were disallowed because, in the opinion of the trial Judge, General Capital on the appeals "prevailed only because of the intervening legislation". In other words, both appellate Courts upheld the lower Court in entry of its original final decree, and therefore absent intervening legislation, General Capital would have lost its appeals in toto. By petition filed here under Rule 3.16 FAR, 32 F.S.A., General Capital seeks review of said order. We affirm.
In the main, General Capital relies upon the formal, stereotyped verbiage contained in the mandates from this Court to the Circuit Court and from the Supreme Court to this Court, reciting in general language that General Capital "do have and recover of and from" Tel Service "costs in this behalf expended". The old cases bearing upon the subject of costs tend to regard such or comparable language in a mandate to be mandatory upon the lower Court.
But the modern view is somewhat relaxed from such dogmatic approach. This is especially true in the light of Rule 3.16, subd. b FAR, which provides that "all costs including appellate costs shall be taxed in the lower court pursuant to law." Thus, the assessment of costs, even appellate costs, lies with the trial Court and is *136 largely discretionary, not to be disturbed on review in absence of a clear showing of abuse. Abdo v. City of Daytona Beach, Fla.App. 1963, 151 So.2d 53.
And in exercising that discretion, the imposition of such costs does not necessarily "follow the judgment". Special circumstances in an individual case might dictate a contrary apportionment. The justice of the cause, in the light of all the circumstances involved, is the governing criterion. See 8 Fla.Jur. p. 47. Here General Capital was able to salvage well over half a million dollars from an otherwise valid judgment entered against it merely because the legislature saw fit to pass a 3-sentence act after such judgment had been entered.
As before stated, the Chancellor predicated his instant costs order upon the proposition that General Capital ultimately prevailed in the overall litigation "only because of the intervening legislation". The point is without precedent in Florida; in fact, our independent research has revealed only two cases in the country where the precise point was involved, the Kentucky case of State Board, etc. v. Hays, (1921) 190 Ky. 147; 227 S.W. 282, and the Texas case of National Carloading Corporation v. Phoenix-El Paso Express, Inc., (1943) Tex.Civ.App., 178 S.W.2d 133. In each of these cases the appellant prevailed on appeal but the appellate costs were taxed against appellant because the result on appeal was influenced by legislation enacted during the appellate process.
On the instant petition to review, the burden was on General Capital to clearly demonstrate that the trial Judge erroneously allocated the costs on appeal. This the petitioner has failed to do and therefore the petition to review must be denied and the challenged order upheld.
So ordered.
LILES, Acting C.J., and MANN, J., concur.