BOOTH, Judge.
This is the second appearance here of the controversy between Head and Futch, two real estate brokers. The first appeal (Futch I) resulted in the reversal, in part, of the money judgment obtained by Head against Futch.[1]
Following the decision in Futch I, two separate divisions of the Escambia County Circuit Court made rulings and entered *863 judgments which affect the original parties, Head and Futch, and also The Citizens and Peoples National Bank (the Bank), in-tervenor. The result is an appeal by Futch and cross appeals by Head and by the Bank.
The issue on appeal is whether the trial court erred in ruling that neither party was entitled to an award of appellate costs as the prevailing party. Appellant has failed to establish that the trial court erred in this determination, and accordingly, we affirm.
Head’s cross appeal asserts that the trial court erred in failing to rule on the fraud or punitive damage claims stated in the original complaint. Head first raised the issue by motion for remand filed in, and denied by, this court after the decision in Futch I. Subsequently, after review was denied by the Supreme Court, 518 So.2d 1275 (Fla.1988), Head again raised the issue by motion in the trial court. We find that the trial court did not err in ruling the issue barred.
As to the Bank’s cross appeal, we do find error in that the trial court directs the Bank to release the appeal bond proceeds in accordance with a settlement agreement between Futch and Head and an order of the trial court in another unrelated suit without the Bank being afforded an opportunity to assert its security interest in the proceeds.
Both Head and Futch were aware that the Bank had a preexisting lien pursuant to an assignment by Head of his interest in $90,000 of the bond proceeds. Head’s assignment was given as security for loans made to him by the Bank. However, the Bank was not given notice of the settlement agreement or afforded the opportunity to participate in the proceedings that culminated in the amended final judgment ordering disbursal of the bond proceeds to Futch and Head. The trial court erred in ordering this distribution without making a determination as to the priority of all claims, including the claim of the Bank, to the bond proceeds. Therefore, we must remand in order that the court make its determination after affording the Bank opportunity to assert its claim and the remaining parties the opportunity to respond thereto.
Accordingly, the judgment below is affirmed in part and reversed in part, and the cause remanded with directions that the court determine all claims and their priorities and disburse the bond proceeds in accordance with that determination.
JOANOS, J., concurs.
BARFIELD, J., concurs and dissents with written opinion.

. Reference is made to the opinion in that first appeal for the complete recitation of the facts. Futch v. Head, 511 So.2d 314 (Fla. 1st DCA 1987).