DANAHY, Acting Chief Judge.
The appellants challenge an order denying their motion to tax costs incurred in a prior appeal in this case and denying their motion for an award of attorney’s fees as a sanction against the appellee for failure to obey a discovery order, a failure which was discovered by the appellants during the pendency of the prior appeal. We reverse.
This case began as a suit by the appellants (Stearman) against the appellee (In-tergraph) for committing fraud in the sale of a certain architectural computer system to Stearman. Stearman prevailed at trial and the trial judge entered a judgment in their favor and against Intergraph in the sum of $1,234,000. Intergraph appealed and this court affirmed the judgment to the extent of $1,200,000.[1]
During the pendency of that appeal, Stearman filed with this court a motion to dismiss Intergraph’s appeal with prejudice or, alternatively, to relinquish jurisdiction of the case to the trial judge to enter sanctions against Intergraph. The motion recited that after Intergraph filed its appeal in this court, Stearman discovered that Intergraph had failed to produce a “complaint letter file” allegedly containing a large number of written complaints Inter-graph had received from customers concerning the architectural computer system which was the subject of Stearman’s suit, notwithstanding an order by the trial judge that Intergraph produce all such documents to Stearman. Stearman requested this court to dismiss Intergraph’s appeal as a sanction for the discovery violation or to relinquish jurisdiction to the trial judge so that the trial judge could enter sanctions against Intergraph. This court entered an order denying Stearman’s motion reciting that “upon consideration, it is ordered that the motion is hereby denied.”
Post-appeal, Stearman filed a motion in this court to tax the costs of the appeal. Stearman describes that motion as being filed inadvertently with this court rather than with the lower tribunal as required by Florida Rule of Appellate Procedure 9.400(a). That rule clearly provides that appellate costs shall be taxed by the lower tribunal on motion. This court entered an order denying the motion to tax costs, reciting that “upon consideration, it is ordered that the motion is hereby denied.”
Following issuance of this court’s mandate, Stearman filed a motion in the lower tribunal to tax appellate costs and a motion requesting the trial judge to impose attorney’s fees against Intergraph pursuant to Florida Rule of Civil Procedure 1.380(b)(2)(F) for failure to obey the order previously entered by the trial judge directing Intergraph to produce the documents which Stearman now claims Intergraph failed to produce.
In the trial judge’s order denying Stear-man’s motion to tax costs and for attorney’s fee sanctions, the trial judge recited that it was unclear whether this court had ruled upon the merits of Stearman’s motions to tax costs and for sanctions which had been filed by Stearman in this court; that if this court had ruled on the merits of the motions, the trial judge lacked jurisdiction to enter an order imposing appellate costs and sanctions against Intergraph; *468 that, since it was the burden of Stearman to demonstrate the trial judge’s jurisdiction and jurisdiction not having been clearly demonstrated, the trial judge denied any relief to Stearman.
We do not regard our denial of Stear-man’s motions as foreclosing the trial judge from considering the merits of Stear-man’s requests for an award of appellate costs and for the imposition of attorney’s fees as a sanction against Intergraph for disobeying an order for the production of documents. As to the cost motion, denial was clearly required by rule 9.400(a). As to the motion regarding the discovery violation, this court merely denied two specific requests by Stearman which did not touch on the matter of the trial judge’s authority to impose sanctions against Intergraph. Accordingly, there is no impediment to the consideration by the trial judge of Stear-man’s motions to tax costs and for attorney’s fee sanctions.
For the foregoing reasons, we reverse and remand for further proceedings.
THREADGILL and PARKER, JJ., concur.

. Intergraph Corp. v. Stearman, 555 So.2d 1282 (Fla. 2d DCA 1990).