662 So.2d 1275 (1995)
NORTH AMERICAN VAN LINES, INC., a foreign corporation, Appellant,
v.
FERGUSON TRANSPORTATION, INC. f/k/a Murray Van & Storage, Inc., and Award Winning Murray Van and Storage, Inc.; Advance Relocation & Storage of Florida, Inc., a Florida Corporation; T. James Molloy and William Grochowski, Appellees.
No. 92-1842.
District Court of Appeal of Florida, Fourth District.
September 20, 1995.
Rehearing, Rehearing and Certification Denied December 1, 1995.
*1276 Marjorie Gadarian Graham of Marjorie Gadarian Graham, P.A., Palm Beach Gardens, and Mark E. Haddad of Sidley & Austin, Washington, DC, for appellant.
Edna L. Caruso of Caruso, Burlington, Bohn & Compiani, P.A., and Jack Scarola of Searcy, Denney, Scarola, Barnhart & Shipley, P.A., West Palm Beach, for appellee-Ferguson Transportation, Inc.
Rehearing, Rehearing En Banc and Certification Denied December 1, 1995.

ON MOTION FOR REVIEW OF ORDER DENYING MOTION TO TAX APPELLATE COSTS
RAMIREZ, JUAN, Jr., Associate Judge.
Appellant, North American Van Lines, Inc., appealed from an adverse judgment after a jury verdict in the amount of $1,300,000 in compensatory damages and $13,000,000 in punitive damages. This court, in a prior opinion, affirmed the compensatory damages and reversed the punitive damages.[1] The appellant's subsequent motion to tax appellate costs was denied. We reverse.
It would seem clear at first glance that the appellant is the "prevailing party" under Florida Rule of Appellate Procedure 9.400(a). Its liability was reduced from $14,300,000 to $1,300,000. The confusion stems from Moritz v. Hoyt, 604 So.2d 807, 810 (Fla. 1992), which states that the prevailing party is the one which "has in fact prevailed on the significant issues tried before court." In the present case, the trial court seems to have focused on the fact that appellee prevailed at the trial level by obtaining its compensatory damages. But at stake are the appellate costs and in our view the appellant prevailed on the significant issues litigated on appeal. In reaching this conclusion, we are not taking a strictly numerical approach, but we also cannot totally ignore them.
In Overseas Equipment Co. v. Aceros Arquitectonicos, 376 So.2d 475 (Fla. 3d DCA 1979), the court reached the same conclusion when it reversed $50,000 in punitive damages and affirmed $20,000 in compensatory damages. We do not think that Moritz modifies this precedent.
REVERSED AND REMANDED.
GUNTHER, C.J., and STONE, J., concur.
NOTES
[1] North Am. Van Lines, Inc. v. Ferguson Transp., Inc., 639 So.2d 32 (Fla. 4th DCA 1994).