GERSTEN, Judge
(dissenting).
I respectfully dissent. I find the trial court correctly denied the former client’s motion for appellate costs against the former attorneys.
This case arises from an appeal by the former client from an order of the trial court imposing a charging lien and entering a judgment against the client for outstanding fees and costs. This Court reversed the order below finding that the attorneys were not entitled to a charging lien, and remanded with instructions to vacate the order without prejudice. The trial court then denied the former client’s motion for appellate costs and gave the attorneys leave to supplement the record to file the retainer agreement.
The former client did not dispute the attorneys’ entitlement to the principal amount of fees owed and did not dispute the validity of the retainer agreement which provided:
In addition to all damages for unpaid fees, costs and expenses set forth in this agreement, in the event it becomes necessary to enforce this agreement, through arbitration or otherwise, you [the client] agree to pay the firm’s reasonable attorney’s fees and all costs (whether taxable or not) in connection therewith, including fees and costs on appeal.
Clearly the terms of the agreement specify that the client is liable for costs associated with enforcement of the agreement regardless of whether or not the client is a prevailing party. Moreover, the charging lien proceedings and subsequent appeal are litigation expenses incurred as incidents of the enforcement proceedings, and this Court did not absolve the former client of his obligation to pay the outstanding fees and costs still due the attorneys.
Thus I conclude that .the former client is neither legally nor equitably entitled to appellate costs and the trial court properly exercised its discretion in denying the motion below. See Futch v. Head, 566 So.2d 862 (Fla. 1st DCA 1990); General Capital Carp, v. Tel Service Co., 239 So.2d 134 (Fla. 2d DCA 1970); cert. denied, 240 So.2d 815 (Fla.1970). I would deny the motion to review the order of the trial court.