GREEN, Judge.
We have for review a non-final order awarding Liberty Mutual Insurance Company $34,789.25 in costs for a bond premium which was purportedly incurred by the company during the pendency of the appellate process of this action. According to its costs affidavit, Liberty Mutual incurred these costs by virtue of the fact that its claims department was required to pay this nonrefundable sum of money to its surety department for the bond. We reverse, as we conclude that Liberty Mutual’s internal transfer of funds from one of its departments to another does not give rise to taxable costs as provided for in Florida Rule of Appellate Procedure 9.400.
In 1987, Lone Star Industries, Inc. commenced the action below seeking a declaration that Liberty Mutual, as its insurer, owed a duty of defense in an environmental case filed against Lone Star by the Department of Environmental Resources Management. In 1989, a partial summary judgment was entered in favor of Lone Star finding a duty to defend on the part of Liberty Mutual. This partial summary judgement was then appealed to this court. At that time, the parties stipulated to a stay of the judgment pending appellate review and Liberty Mutual apparently assumed responsibility for posting a supersedeas bond in the sum of $1,449,-342.41. Liberty Mutual, however, did not procure this bond from a third party suretor. Rather, Liberty Mutual’s claims department purportedly paid its surety department an annual premium of $6,413.00 to carry the supersedeas bond during the pendency of the appellate process. According to its costs affidavit, Liberty Mutual’s surety department requires the claims department to pay an annual nonrefundable premium for any bonds. The affidavit further avers that payment is accomplished by a “transfer of monies on the Liberty Mutual balance sheet from the claims department to the surety department.”
After the appeal to this court and the supreme court which lasted for approximately six years, the ease was finally resolved in Liberty Mutual’s favor.[1] Liberty Mutual thereafter moved to tax as appellate costs, *952 among other things, a $34,489.00 bond premium purportedly paid by its claims department to its surety department during the six year pendency of the appellate process. When the lower court awarded this amount as a taxable appellate cost to Liberty Mutual, Lone Star instituted this appeal.
Pursuant to Rule 9.400(a) of the Florida Rules of Appellate Procedure, trial courts are vested with discretion to award certain enumerated appellate costs such as bond premiums to the prevailing party on appeal. General Capital Corp. v. Tel Service Co., 239 So.2d 134, 136-36 (Fla. 2d DCA), cert. denied, 240 So.2d 815 (Fla.1970); Reynolds v. Aument, 137 So.2d 832, 833 (Fla. 2d DCA 1962). A reviewing court will not disturb a cost assessed by a lower court, pursuant to this rule, in the absence of a clear showing of abuse. General Capital Corp., 239 So.2d at 135-36. Lone Star argues that the lower court abused its discretion in awarding $34,-489.00 to Liberty Mutual as taxable costs where Liberty Mutual incurred no expenditures for premiums to procure its bond. Liberty Mutual’s mere “paper transfer” of funds on its balance sheet from its claims department to its surety department for the purpose of procuring this bond, according to Lone Star, is not a cost within the meaning of Rule 9.400(a)(3). We agree.
Where as here, the pivotal term “cost” is undefined within Rule 9.400, it must be accorded its plain and ordinary meaning. See Metropolitan Dade County v. Green, 596 So.2d 458, 458 (Fla.1992); see also Tatzel v. State, 356 So.2d 787, 789 (Fla.1978) (“words of common usage, when used in an enactment, should be construed in their plain and ordinary sense”); Simmons v. Schimmel, 476 So.2d 1342, 1344 (Fla. 3d DCA 1985), rev. denied, 486 So.2d 597 (Fla.l986). The term “cost[s]” has been defined to mean:
An amount paid or required in payment for a purchase; a price; ... [t]o cause to lose, suffer or sacrifice....
The American Heritage Dictionary 424 (3d ed.1992). The term taxable “costs” as utilized in Rule 9.400 then presupposes that the prevailing party on appeal has sustained a loss of funds or incurred an expense by virtue of the appellate process for which it is entitled to reimbursement by the losing party. It is clear to us that Liberty Mutual incurred no expenditure for bond premiums. The fact that one of its department’s budgets had to be debited for the benefit of another does not alter this fact. The point is that both of these internal departments are part and parcel of one company which is the only prevailing party on appeal. Consequently, we find that Liberty Mutual’s mere “paper transfer” of funds from one of its departments to another to carry its supersedeas bond did not create a taxable cost in the form of a bond premium within the meaning of Rule 9.400(a)(3) of the Florida Rules of Appellate Procedure.
Reversed.

. See Liberty Mutual Ins. Co. v. Lone Star Indus., Inc., 648 So.2d 114 (Fla.1994); Liberty Mutual Ins. Co. v. Lone Star Indus., Inc., 661 So.2d 1218 (Fla. 3d DCA 1995), rev. denied, 671 So.2d 788 (Fla.1996).