705 So.2d 23 (1997)
FLORIDA POWER & LIGHT COMPANY, Appellant/Cross-Appellee,
v.
Stephanie J. POLACKWICH, as Personal Representative of the Estate of Jonathan Richards, and Alan S. Polackwich, Sr., as Personal Representative of the Estate of Robert J. Polackwich, Appellees/Cross-Appellants.
Nos. 93-03560, 93-03572.
District Court of Appeal of Florida, Second District.
March 5, 1997.
Rehearing Denied April 30, 1997.
*24 Stuart C. Markman, James E. Felman, and Susan H. Freemon of Kynes, Markman & Felman, P.A., Tampa; and C. Steven Yerrid and Christopher S. Knopik of Yerrid, Knopik & Mudano, P.A., Tampa, for Appellant/Cross-Appellee.
Searcy, Denney, Scarola, Barnhart & Shipley, P.A., West Palm Beach, and Russell S. Bohn of Caruso, Burlington, Bohn & Compiani, P.A., West Palm Beach, for Appellees/Cross-Appellants.

ON MOTION TO REVIEW ORDER DENYING COSTS
ALTENBERND, Judge.
Florida Power & Light Company (FP & L) seeks review of a trial court order denying its motion for costs incurred in this appeal. We hold that the trial court abused its discretion in determining that no party prevailed on appeal because each party filed a notice of appeal and prevailed on significant issues in that appeal. Accordingly, we reverse and remand for further proceedings.
The estates of Jonathan Richards and Dr. Robert J. Polackwich obtained large monetary judgments against FP & L. FP & L appealed the judgments, as did the estates. This court consolidated the appeals and designated the estates' appeal as the cross-appeal because their notice of appeal was filed one day after FP & L's. An opinion was issued affirming the judgment in part, reversing it in part, and remanding the case for a new trial. Florida Power & Light Co. v. Polackwich, 677 So.2d 880 (Fla. 2d DCA), review dismissed, 682 So.2d 1100 (Fla.1996).
Pursuant to Florida Rule of Appellate Procedure 9.400, on remand FP & L filed a *25 motion to tax appellate costs. FP & L had paid more than $37,500.00 for the preparation of the record, including the lengthy trial transcript. It had also paid more than $88,000.00 for a supersedeas bond, including two renewal premiums. FP & L's motion requested reimbursement from the estates for costs totalling $127,105.62.
The trial judge, who had not presided over this case prior to the appeal, wanted to defer ruling on the motion until the conclusion of the second trial. He explained that his discretion in deciding who had prevailed and in determining the extent to which that party had prevailed would be sounder at the end of the proceeding. The case law, however, requires the trial court to enter an award of appellate costs prior to the new trial because the costs relate to prevailing on appeal, not to prevailing at trial. Swan v. Wisdom, 392 So.2d 987 (Fla. 5th DCA 1981); Yost v. Congress Int'l Dev. Corp., 383 So.2d 732 (Fla. 3d DCA 1980).[1] When advised of this precedent, the trial court immediately declared that there had been no prevailing party and denied all costs.
A trial court's decision on issues involved in a motion to tax appellate costs is largely discretionary. General Capital Corp. v. Tel Serv. Co., 239 So.2d 134 (Fla. 2d DCA), cert. denied, 240 So.2d 815 (Fla.1970). This court reviews such a decision only to determine whether a trial court applied the correct law and whether it abused its discretion.
Generally, in deciding who is the prevailing party for awarding attorneys' fees and trial costs, the trial court must "determine from the record which party prevailed on the significant issues tried before the court." Moritz v. Hoyt Enters., Inc., 604 So.2d 807, 810 (Fla.1992). This test has also been used to decide which party is the "prevailing party" for purposes of awarding appellate costs under rule 9.400(a). The test is somewhat modified because the trial court must determine which party prevailed on the significant issues on appeal, not at trial. See North American Van Lines v. Ferguson Transp., Inc., 662 So.2d 1275 (Fla. 4th DCA 1995). In General Capital, we emphasized that a "dogmatic approach" to appellate costs is not appropriate and that such costs do not automatically "follow the judgment." 239 So.2d at 135-36.
There are cases involving appeals and cross-appeals in which courts have held that no party prevailed for purposes of awarding costs. See, e.g., Phares v. Cowles, 459 So.2d 1110 (Fla. 4th DCA 1984) (holding neither party was "prevailing party" where appeal and cross-appeal were dismissed). FP & L's appeal and the estates' cross-appeal demonstrate that there are some appellate proceedings in which both parties prevail on significant issues. Thus, determining the prevailing party for the taxation of appellate costs is occasionally a complicated task.[2]
In its appeal, FP & L sought a new trial on all issues of liability, on the proportionate share of responsibility of certain other entities, and on the decedents' comparative negligence. It received a new trial on the last two issues, although this court declined to decide some aspects of the proportionate share concept. Multimillion-dollar judgments were reversed by virtue of this appeal. If the estates had not filed their appeal, there would be little doubt that FP & L was the prevailing party on appeal and, thus, entitled to a sizable award of costs.
*26 In their cross-appeal, the estates requested a new trial on nonpecuniary damages and challenged the application of the joint venture doctrine in this case. This court affirmed the joint venture issue, but gave the estates a new trial on damages. Again, if this had been the only appeal, one would logically conclude that the estates had prevailed.
When both parties appeal and the cases are consolidated, one party must be selected by the court to be the appellant. Frequently, this decision is based on nothing more than the fact that one notice of appeal was the first to reach the court. The party designated as the appellant has the initial responsibility to obtain an adequate record on appeal. Fla. R.App. P. 9.200(a)(2)(e). There would be little sense in a rule that forced that party to bear all the costs when both parties wished to challenge the judgment and both parties prevailed on significant issues. Cf. Fla. R.App. P. 9.200(c) (cross-appellant may direct additional items to be included in record). In such a case, the trial court should use its discretion to apportion the costs between the parties so that each party pays its fair share.
With respect to the $37,500.00 FP & L spent for the record in this appeal, it is clear that the estates would have needed a substantial portion of this record to prosecute their appeal if they had been designated as the appellant. Fairness suggests that the cost of that portion of the record needed by both parties should be shared equally. If there are portions of the record that were necessary for only one of the appeals, the party who lost that appeal should probably bear these costs. On remand, unless the parties can reach an agreement, the trial court should determine each party's appropriate share of the cost of the record.
The cost of the supersedeas bond is a separate issue. This court's record does not explain why a supersedeas bond was needed if the estates intended to appeal the judgments rather than collect them. If FP & L obtained the bond without giving the estates the option to decline it, FP & L may be entitled to no recovery. On the other hand, if the estates required FP & L to obtain a supersedeas bond to stay execution on these judgments despite the estates' appeal, then FP & L should be entitled to reimbursement for this cost. The trial court should consider these factual issues on remand.
Accordingly, we reverse the order that denied FP & L's motion to tax costs, and remand with directions to conduct further proceedings in accordance with this opinion.
THREADGILL, C.J., and SCHOONOVER, J., concur.
NOTES
[1] Florida Rule of Appellate Procedure 9.400(a) provides that "[c]osts shall be taxed in favor of the prevailing party unless the court orders otherwise." In a very unusual case, an appellee who received an unfavorable outcome in a district court might file a motion for rehearing requesting that the costs either not be taxed or that taxation be deferred to a later time in the case. For example, if the appellee played no role in the trial court's error and had a high probability of prevailing in the trial court on remand, the appellate court might properly defer the appellate costs to the end of the trial proceedings. Such a motion was not filed in this case and would not have been supported by the record.
[2] This appeal involves only appellate costs, and not attorneys' fees for services rendered in an appeal. Often the award of appellate attorneys' fees is contingent upon a party ultimately prevailing in the trial court. Thus, the reasoning used in this case would not necessarily apply in the context of awarding appellate attorneys' fees. Cf. Sabina v. Dahlia Corp., 678 So.2d 822 (Fla. 2d DCA 1996).