GLICKSTEIN, Judge.
We affirm the trial court’s order and write solely to address appellee’s motion for costs because we see a large number of similar motions which seek not only attorney’s fees but also costs incurred on appeal.
Florida Rule of Appellate Procedure 9.400(a) expressly provides that the authority to tax costs in favor of the prevailing party is vested in the trial court, not this court, upon motion served within thirty days after issuance of the mandate. Thus, we deny the motion without prejudice to refile same in the trial court.
Unfortunately, there is language in Anderson v. State, 632 So.2d 132, 133 (Fla. 4th DCA 1994), which must be addressed although we properly reversed the trial court’s premature entry of a judgment for appellate costs prior to the appeal. We inappropriately said:
Without permission from the appellate court, the trial court cannot award appellate costs.
What had become a headnote should now be considered a dead note.
We then went on to quote accurately from Boyer v. Boyer, 588 So.2d 615, 617 (Fla. 5th DCA 1991), rev. denied, 599 So.2d 654 (Fla.1992), saying:
These costs may be taxed in favor of the prevailing party, pursuant to Florida Rule of Appellate Procedure 9.400(a), which “explicitly provides for taxation of costs by the lower tribunal on motions heard within 30 days after issuance of the mandate — but not before.” Boyer v. Boyer, 588 So.2d 615, 617 (Fla. 5th DCA 1991).
Anderson, 632 So.2d at 133 (emphasis added). In so quoting, we perpetuated an error. The word “heard” should have been “served.”
*613 GUNTHER, C.J., and DELL, STONE, WARNER, POLEN, FARMER, KLEIN, PARIENTE, STEVENSON, SHAHOOD and GROSS, JJ., concur.