MOTION FOR REHEARING ON MOTIONS TO REVIEW ORDERS TAXING COSTS

WARNER, Judge.
We deny rehearing but withdraw our prior opinion on the motion to review orders taxing costs and publish the following in its place.
After our opinion was rendered in this appeal, four of the five appellants moved to tax costs pursuant to Florida Rule of Appel *951 late Procedure 9.400(a). The trial court entered judgments in favor of each appellant for their respective taxable appellate costs together with interest at the rate of 10% per year.
The appellees contend that because this court remanded for further proceedings, there is no “prevailing party” for purposes of taxation of costs. We do not reach this issue because there is some degree of discretion afforded to this court on the issue of appellate costs. The rule provides for the taxation of costs in favor of the prevailing party unless the court orders otherwise. See Fla. R.App. P. 9.400(a). “The court” means the appellate court. See Fla. R.App. P. 9.020(c); American Med. Int’l v. Scheller, 484 So.2d 593 (Fla. 4th DCA 1985). The first time we have the opportunity to address the taxation of costs is by motion for review of the order taxing appellate costs, as the motion for assessment of such costs is made to the trial court, not the appellate court. See Stearman v. Intergraph Corp., 585 So.2d 466 (Fla. 2d DCA 1991). In the instant case, sugar cane workers sued various sugar companies in a class action, claiming back wages. After the entry of a final summary judgment against the growers approximating fifty million dollars, the growers appealed to this court, which reversed the summary judgment for further proceedings. See Okeelanta Corp. v. Bygrave, 660 So.2d 743 (Fla. 4th DCA 1995). Of the five growers, four (Okeelanta, Osceola Farms, Atlantic Sugar, and U.S. Sugar) pursued their motions to tax costs through a hearing and judgment. Costs were taxed in favor of Okeelanta, Osceola Farms, and Atlantic Sugar in the amount of $787,505 plus interest. Costs were taxed in favor of U.S. Sugar in the amount of $139,656 plus interest.[1] The other appellant, Sugar Cane Growers, agreed to defer hearings on its motion seeking a cost judgment until there was an ultimate prevailing party in the underlying case.
The appellees correctly argue that at this point in the proceedings, absent members of the class may not be liable for costs. See Wright v. Schock, 742 F.2d 541, 545 (9th Cir.1984); 3 Herbert B. Newberg & Alba Conte, Newberg on Class Actions § 14.02 (3d ed.1992). A judgment cannot be entered without knowing against whom it may operate. At the present time, an impediment to entering a cost judgment is the inability to identify who, besides the class representatives, may be judgment debtors.
Therefore, because it has not been established which members of the class might ultimately be liable for these costs, we reverse the order and direct that it be deferred until the conclusion of the case.
Finally, U.S. Sugar complains that the trial court erred in failing to award its costs of securing a letter of credit, even though the trial court had awarded similar costs to the other sugar cane growers. Because we have reversed the order taxing costs, U.S. Sugar will have an opportunity at the close of the case to present evidence of whether the charges for obtaining the credit were necessary and reasonable. Assuming they were, then such costs may be taxable. See Melvin v. West, 120 So.2d 233 (Fla. 2d DCA 1960); § 57.071(1), Fla. Stat. (1995).
POLEN, J., concurs.
PARIENTE, J., concurs specially with opinion.

. The bulk of the costs were the premiums on the supersedeas bond the defendants were required to secure to prevent execution on the judgment.