ALTENBERND, Judge.
Superior Protection, Inc., appeals a judgment awarding Alberto Martinez compensatory and punitive damages totaling $318,853.03 based upon claims of gender discrimination and retaliatory conduct. See 42 U.S.C. § 2000e-2(m), -3. We affirm the judgment without further comment but write to explain our disposition of Mr. Martinez’s motion for appellate attorneys’ fees and costs.
*860 Shortly after the judgment was entered, Mr. Martinez filed a motion for attorneys’ fees in the circuit court. See 42 U.S.C. § 2000e-5(k) (“In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party ... a reasonable attorney’s fee (including expert fees) as part of the costs.... ”). It appears that the circuit court denied this motion because it was untimely pursuant to Florida Rule of Civil Procedure 1.525. Mr. Martinez has not appealed the order denying his motion for attorneys’ fees. However, he has filed a motion pursuant to 42 U.S.C. § 2000e-5(k) seeking the attorneys’ fees he has incurred in this appeal.
Superior Protection asserts that Mr. Martinez’s motion for appellate attorneys’ fees should be denied because his motion for attorneys’ fees before the circuit court was untimely. We disagree.
Rule 1.525 is a procedural rule, applicable to civil proceedings in the circuit and county courts. See Fla. R. Civ. P. 1.010. In appellate proceedings, the timeliness of a motion for attorneys’ fees is governed by Florida Rule of Appellate Procedure 9.400(b), which requires that the motion “be served not later than the time for service of the reply brief.” Mr. Martinez’s motion for appellate attorneys’ fees was timely. Under these circumstances, an order granting attorneys’ fees in the circuit court is not a condition precedent to obtaining an award of appellate attorneys’ fees. As the prevailing party in this appeal and in this lawsuit, Mr. Martinez is entitled to his attorneys’ fees on appeal pursuant to 42 U.S.C. § 2000e-5(k). We remand the motion to the circuit court to determine the reasonable amount of attorneys’ fees Mr. Martinez incurred in this appeal.
Mr. Martinez also filed a motion for costs on appeal in conjunction with his motion for appellate attorneys’ fees. This is a common procedural error in this court. Florida Rule of Appellate Procedure 9.400 discusses both costs and attorneys’ fees. A motion for attorneys’ fees is filed in the appellate court pursuant to rule 9.400(b). “Costs shall be taxed by the lower tribunal on motion served within 30 days after issuance of the mandate.” Fla. R.App. P. 9.400(a). Thus, the motion for appellate costs cannot be filed in the district court but must be filed in the lower tribunal after jurisdiction has been returned to that body by our mandate. See Vella v. Vella, 691 So.2d 612 (Fla. 4th DCA 1997). Accordingly, we strike the motion for costs on appeal without prejudice to Mr. Martinez’s right to file a timely motion pursuant to rule 9.400(a) in the circuit court.
Affirmed.
WHATLEY and CASANUEVA, JJ., Concur.