# Third District Court of Appeal

**State of Florida**

Opinion filed September 24, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-994
Lower Tribunal No. 14-17756
_____

**Jose A. Garcia,**
Appellant,

vs.

**Ileana Collazo,**
Appellee.

An appeal from the Circuit Court for Miami-Dade County, Antonio Arzola, Judge.

Jose A. Garcia, in proper person.

Bello and Martinez and Jan Illych Martinez and Joel Bello, for appellee.

Before SUAREZ, C.J., and LAGOA and FERNANDEZ, JJ.

SUAREZ, C.J.

ON MOTION FOR ATTORNEY'S FEES

Ileana Collazo seeks appellate attorney's fees and costs resulting from a frivolous appeal from a non-appealable non-final order. Garcia v. Collazo, No.

3D15-994 (Fla. 3d DCA July 8, 2015). Collazo made the request for costs and fees within her motion to dismiss Garcia's appeal for lack of jurisdiction. This Court granted her motion and dismissed the appeal.

Collazo first requests appellate costs. Motions for appellate costs cannot be filed in the district court but must be filed in the lower tribunal after jurisdiction has been returned to that body by our mandate. "Costs shall be taxed by the lower tribunal on motion served within 30 days after issuance of the mandate." Fla. R. App. P. 9.400(a); See Vella v. Vella, 691 So. 2d 612 (Fla. 4th DCA 1997). Accordingly, we strike Collazo's request for costs on appeal, which she first filed in this Court, without prejudice to Collazo's right to file a timely motion pursuant to rule 9.400(a) in the circuit court, noting that the time limit for filing pursuant to that rule is jurisdictional. See Superior Prot., Inc. v. Martinez, 930 So. 2d 859, 860 (Fla. 2d DCA 2006).

Collazo next requests appellate attorney's fees, citing Rule 9.400, Florida Rule of Appellate Procedure as the basis for her right to such fees. Rule 9.400 governs the procedure to be followed with respect to appellate entitlement to fees, but the rule is procedural rather than substantive and therefore cannot serve as the

2

basis for an award of appellate attorneys' fees.  State, Dep't of Highway Safety & Motor Vehicles v. Trauth, 971 So. 2d 906, 908 (Fla. 3d DCA 2007).  A party seeking attorney's fees in an appellate court must provide substance and specify the particular contractual, statutory, or other substantive basis for an award of fees on appeal. United Servs. Auto. Ass'n v. Phillips, 775 So. 2d 921, 922 (Fla. 2000) ("It is simply insufficient for parties to only refer to rule 9.400 or to rely on another court's order in support of a motion for attorney's fees for services rendered in an appellate court.").  In addition, attorney's fees must be requested by filing a separate motion and not merely as a line request in a pleading.  See McCreary v. Florida Residential Prop. & Cas. Joint Underwriting Ass'n, 758 So. 2d 692, 696 (Fla. 4th DCA 1999); Melweb Signs, Inc. v. Wright, 394 So. 2d 475, 477 (Fla. 1st DCA 1981).  Collazo's request for appellate attorney's fees is insufficient as it was only one line in her motion to dismiss and gave no substantive basis for the right to such fees.  Accordingly, we deny Collazo's request for appellate attorney's fees.

At the same time, the Court on its own motion orders the appellant, Garcia, to show cause within ten (10) days as to why this Court should not impose sanctions, including attorney's fees, against Garcia and his counsel pursuant to section 57.105, Florida Statutes (2015), and Rule 9.410 of the Florida Rules of Appellate Procedure for pursuing an appeal unsupported by the law or facts.  See Freedom Commerce Centre Venture v. Ranson, 823 So. 2d 817 (Fla. 1st DCA 2002) (granting appellate attorney's fees

3

where appeal would have been completely unnecessary had the offending party recognized the correct state of the law).