NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

In re Guardianship of Leon Bloom,　　　)
an incapacitated person.　　　　　　　 )
_____ )
　　　　　　　　　　　　　　　　　　　 )
JAMES L. ESSENSON,　　　　　　　　　 )
　　　　　　　　　　　　　　　　　　　 )
　　　　　　　Petitioner,　　　　　　　 )
　　　　　　　　　　　　　　　　　　　 )
v.　　　　　　　　　　　　　　　　　　 )　　　Case No. 2D16-4994
　　　　　　　　　　　　　　　　　　　 )
DOROTHY B. BLOOM; MARSHALL　　　　 )
BLOOM; and ROBERT M. ELLIOTT,　　　 )
as Trustee of the Leon Bloom　　　　　 )
Revocable Living Trust u/a/d　　　　　　)
11/18/1988, as Restated on 10/22/2009, )
　　　　　　　　　　　　　　　　　　　 )
　　　　　　　Respondents.　　　　　　 )
_____ )

Opinion filed July 27, 2018.

Petition for Writ of Certiorari to the
Circuit Court for Sarasota County;
Charles E. Williams, Judge.

James L. Essenson, Barbara J. Welch,
and Matthew J. Kelly, of the Law Firm
of James L. Essenson, Sarasota, for
Petitioner.

Allan F. Baily of the Law Offices of
Baily & Baily P.A., Sarasota; and Marc
J. Soss, Lakewood Ranch, for
Respondent Dorothy B. Bloom.

No appearance for remaining
Respondents.

ROTHSTEIN-YOUAKIM, Judge.

In this certiorari proceeding, Attorney James L. Essenson seeks review of a trial court order granting Dorothy B. Bloom's (Dorothy) motion to compel production of Essenson's billing records in connection with his representation of Marshall Bloom (Marshall) in the underlying proceeding relating to the guardianship, estate, and trust of Leon Bloom (Leon).[1] This court stayed this certiorari proceeding pending the outcome of a related appeal, and Essenson has filed a notice of voluntary dismissal because his petition has become moot in light of subsequent proceedings on remand from that appeal. Before this court stayed the proceeding, however, Dorothy had filed a "motion for attorney's fees and costs on appeal." Consequently, along with his notice of voluntary dismissal, Essenson has also filed a "motion to preclude costs on appeal."

We accept Essenson's notice of voluntary dismissal, dismiss Essenson's petition, and deny Dorothy's motion for appellate attorney's fees without further comment, but we explain why, pursuant to Florida Rule of Appellate Procedure 9.400(a), we strike Dorothy's motion for appellate costs and grant Essenson's motion to preclude the trial court from taxing appellate costs in favor of Dorothy.

**Background**

This court's opinion in In re Guardianship of Bloom, 227 So. 3d 165 (Fla. 2d DCA 2017), details the procedural history of Marshall's and Dorothy's involvement in Leon's guardianship and trust proceedings and, following Leon's death, his probate

---

[1]Dorothy is Leon's wife, and Marshall is Leon's nephew.

proceedings. During the pendency of Dorothy's claim for reimbursement from Leon's trust for funds she allegedly had used to care for Leon, Marshall successfully removed the successor trustee of Leon's trust. Based on the successful removal, Marshall sought an award of attorney's fees and asserted three bases for relief. The trial court denied the fee motion but in doing so only addressed two of Marshall's three bases for relief. Marshall's appeal of the order denying fees was the subject of Bloom, 227 So. 3d 165.

While that appeal was pending, Dorothy moved to compel Essenson to produce billing records that she claimed were relevant to Marshall's previously denied request for attorney's fees. Essenson objected, arguing, in part, that his billing records were not relevant because the court had denied Marshall's fee motion. He acknowledged, however, that they would become relevant if Marshall's appeal were successful and if the trial court were to determine on remand that he was entitled to fees. Essenson represented that were that to happen, then he would produce the requested billing records without objection. Nonetheless, the court granted Dorothy's motion to compel and ordered Essenson to produce his billing records, as redacted for attorney-client and work-product privileges. Essenson timely sought certiorari review.

In his petition, Essenson contends that the trial court departed from the essential requirements of law by compelling production of billing records that were not relevant to anything in the proceeding in light of that court's determination that Marshall was not entitled to an award of attorney's fees. Essenson acknowledged, however, that if this court reversed the trial court's determination on entitlement and if the trial court ultimately determined that Marshall was entitled to fees, this certiorari proceeding would

- 3 -

become moot, and he again represented that, in such a case, he would willingly produce the records that Dorothy had requested. Accordingly, this court stayed this certiorari proceeding pending the outcome of Marshall's appeal of the order denying entitlement to fees.

Thereafter, in Bloom, 227 So. 3d at 170, this court remanded for the trial court to consider Marshall's previously overlooked third basis for fees, and we continued the stay of this certiorari proceeding. On remand, the trial court determined that Marshall was entitled to attorney's fees.

As promised, Essenson acknowledges that his billing records are now relevant, and he has filed a notice of voluntary dismissal of his certiorari petition as moot. But pursuant to rule 9.400(a), he also moves for this court to preclude the trial court from awarding Dorothy costs related to the certiorari proceeding. Dorothy opposes the motion.

### Discussion

Essenson argues that we should preclude the trial court from granting Dorothy her costs in this proceeding because the mootness of his petition did not resolve whether the trial court had departed from the essential requirements of law in compelling the production of documents that, at the time that it ordered the production, were irrelevant in light of that court's prior determination that Marshall was not entitled to attorney's fees. Acknowledging that appellate costs are to be awarded to the party prevailing in the proceeding in this court, Essenson argues that the only reason Dorothy prevailed in this court is because this court stayed his certiorari proceeding and allowed his petition to become moot.

- 4 -

Generally, if a party to an appeal[2] files a motion in this court for an award of costs on appeal, this court will strike the motion because such costs are properly sought in the first instance in the trial court. See Superior Prot., Inc. v. Martinez, 930 So. 2d 859, 860 (Fla. 2d DCA 2006) (" 'Costs shall be taxed by the lower tribunal on motion served within 30 days after issuance of the mandate.' Thus, the motion for appellate costs cannot be filed in the district court but must be filed in the lower tribunal after jurisdiction has been returned to that body by our mandate." (quoting Fla. R. App. P. 9.400(a) (2006))). The trial court determines who prevailed on appeal—as opposed to who prevailed in the underlying litigation—and then awards appellate costs upon proof by the prevailing party. See Fla. Power & Light Co. v. Polackwich, 705 So. 2d 23, 25 (Fla. 2d DCA 1997) ("[T]he trial court must determine which party prevailed on the significant issues on appeal, not at trial."). Although "[a] trial court's decision on issues involved in a motion to tax appellate costs is largely discretionary," id. (citing Gen. Capital Corp. v. Tel Serv. Co., 239 So. 2d 134 (Fla. 2d DCA 1970)), it must tax those costs in favor of the prevailing party upon a timely motion "unless the [district] court orders otherwise," Fla. R. App. P. 9.400(a). See also Perez v. Fay, 198 So. 3d 681, 683 (Fla. 2d DCA 2015) (noting generally that "[t]he circuit court does not have discretion to refuse to award appellate costs when the appellate court has not ordered that costs be denied"); Polackwich, 705 So. 2d at 25 n.1 (noting in dicta that "[i]n a very unusual case, an appellee who received an unfavorable outcome in a district court might file a motion for rehearing requesting that the costs either not be taxed or that taxation be deferred to

_____

[2]For purposes of this opinion, the terms "appellate" and "appeals" include original proceedings in this court.

- 5 -

a later time in the case" but explaining that no such motion had been filed); Am. Med. Int'l, Inc. v. Scheller, 484 So. 2d 593, 594 (Fla. 4th DCA 1985) ("[T]he district court of appeal—this court—must order otherwise in order for a trial court to refuse to tax costs in the named categories.").

In his "motion to preclude costs on appeal," Essenson requests that this court "order[] otherwise." And although the rule clearly states that we may do so, there is little authority addressing how a party should request such an order and the circumstances in which a district court might issue one. Accordingly, we discuss both below.

As an initial matter, we conclude that Essenson properly moved for an order precluding costs before Dorothy even served her motion for costs in the trial court following disposition of this certiorari proceeding. We address the timing of Essenson's motion because we can infer from previous decisions no consistent position regarding when a district court can consider whether to "order[] otherwise." Compare Spector v. Spector, 226 So. 3d 256, 262 (Fla. 4th DCA) (suggesting that the district court could consider whether to preclude costs before the prevailing party moved for costs in the trial court when it explained, "unless we specifically state otherwise, our denial of a motion to tax appellate costs filed in this court is presumed to be without prejudice to refile the motion in the circuit court"), review denied, No. SC17-1085 (Fla. Nov. 13, 2017), with Okeelanta Corp. v. Bygrave, 727 So. 2d 950, 951 (Fla. 4th DCA 1997) (suggesting that a request for order disallowing costs should be made in conjunction with motion seeking review of trial court's order taxing costs pursuant to rule 9.400(c) because "[t]he first time we have the opportunity to address the taxation of costs is by

motion for review of the order taxing appellate costs, as the motion for assessment of such costs is made to the trial court, not the appellate court" (citing Stearman v. Intergraph Corp., 585 So. 2d 466, 467 (Fla. 2d DCA 1991))).[3]

The notion that we may preclude costs before a party even moves for costs in the trial court, however, is consistent with dicta in Polackwich, 705 So. 2d at 25 n.1, contemplating that "an appellee who received an unfavorable outcome in a district court might file a motion for rehearing requesting that the costs either not be taxed or that taxation be deferred to a later time in the case." Essenson's motion to preclude costs, which accompanied his notice of voluntary dismissal acknowledging the mootness of his certiorari petition, is akin to such a request on rehearing. Thus, consistently with Spector and Polackwich, we hold that we can consider Essenson's motion at this juncture; we need not wait for him to seek review of a trial court order taxing costs under rule 9.400(c).

With Essenson's motion properly before us, we must determine what we should consider in deciding whether to preclude the trial court from taxing costs in favor of Dorothy. The Fourth District has interpreted rule 9.400(a) to grant a district court the discretion to order that costs not be taxed immediately but rather deferred to the end of

---

[3]Stearman only concerned the proposition that the party seeking costs must first apply below; it did not concern a party who opposed costs seeking an order from this court precluding costs. Stearman, 585 So. 2d at 467-68. This court and others routinely strike motions for appellate costs filed in this court at the first instance. See, e.g., B.K. v. S.D.C., 122 So. 3d 980, 983 (Fla. 2d DCA 2013) ("We strike the motion for costs without prejudice to S.D.C. filing a motion in the circuit court in accordance with Florida Rule of Appellate Procedure 9.400(a)."); Garcia v. Collazo, 178 So. 3d 429, 430 (Fla. 3d DCA 2015) ("[W]e strike Collazo's request for costs on appeal, which she first filed in this Court, without prejudice to Collazo's right to file a timely motion pursuant to rule 9.400(a) in the circuit court . . . .").

the litigation. See Okeelanta, 727 So. 2d at 951 ("[B]ecause it has not been established which members of the class might ultimately be liable for these costs, we reverse the order [taxing costs] and direct that it be deferred until the conclusion of the case."). Then-Judge Pariente would have "adopt[ed] a broader interpretation of [the court's] discretion" and would have ordered that the award of costs be conditioned on ultimately prevailing in the underlying litigation. Id. at 951-52 (Pariente, J., concurring specially); see also Stringer v. Katzell, 695 So. 2d 369, 370 (Fla. 4th DCA 1997) (Pariente, J., dissenting) ("[T]he language 'unless the court orders otherwise' vests discretion in the court to award appellate costs conditioned upon the party's ultimately prevailing at the conclusion of the litigation.").

In light of the absence of limiting language in the rule, we agree with then-Judge Pariente that that discretion is broader than merely as to timing, but we do think that that discretion must be informed by the purpose of the rule itself, which is to tax costs in favor of the party that prevailed on the significant issues litigated on appeal, see N. Am. Van Lines, Inc. v. Ferguson Transp., Inc., 662 So. 2d 1275, 1276 (Fla. 4th DCA 1995). We also think it should be exercised only in exceptional circumstances when presented with "a very unusual case." Cf. Polackwich, 705 So. 2d. at 25 n.1 (giving an example of "a very unusual case" in which a district court might order that costs not be taxed or that taxation be deferred to a later time).

The rule itself provides no guidance for this court's exercise of its discretion, but the first part of the rule vests in the trial court the responsibility for determining in the first instance who prevailed on the significant issues in this appellate proceeding. See id. at 25. As the phrase "unless the court orders otherwise" merely

- 8 -

provides an exception to awarding costs to the prevailing party, we think that our exercise of discretion to preclude such an award cannot be predicated upon deciding ourselves who qualifies as the "prevailing party"; such an analysis would invade the province of the trial court. Instead, this court must predicate its analysis on the assumption that the trial court would have determined that the party opposing the motion to preclude costs is the prevailing party,[4] and each case will require this court to examine factors external to that determination. For example, if directed to whether appellate costs should be taxed at all rather than when they should be taxed, we think the analysis might focus on why that party would be determined to have prevailed on the significant issues litigated on appeal.

In this case, Dorothy would be the prevailing party only by virtue of Essenson's voluntary dismissal, which Essenson filed in light of the outcome of Marshall's related appeal and the trial court's decision on remand, because but for our having stayed this proceeding—specifically pending the outcome of those proceedings—we would have granted Essenson's petition. See, e.g., Eagle FL VI SPE, LLC v. Cypress Creek Plaza, LLC, 128 So. 3d 950, 952 (Fla. 2d DCA 2013) ("The trial court's order departs from the essential requirements of the law because it compels extensive discovery when there is no pending claim or defense."); Tampa Pipeline Corp. v. CF Indus., Inc., 693 So. 2d 580, 582 (Fla. 2d DCA 1997) (recognizing generally that production of irrelevant materials does not necessarily cause irreparable harm but general rule will not "prevent appropriate curtailing of overboard discovery orders

---

[4]In making such an assumption, we do not actually decide whether Dorothy was the prevailing party. That is a decision for the trial court to make in the first instance, and one that this court would subsequently review pursuant to rule 9.400(c).

entitling a party carte blanche to discovery which has been affirmatively established to be irrelevant, or which will not lead to the discovery of relevant information" (citing Allstate Ins. Co. v. Langston, 655 So. 2d 91, 95 (Fla. 1995)).  And, as a third-party to the underlying litigation, Essenson had no choice but to seek certiorari review; he could not wait for a negative outcome in Marshall's appeal before challenging the discovery order. See Rappaport v. Mercantile Bank, 17 So. 3d 902, 905 (Fla. 2d DCA 2009) (citing Price v. Hannahs, 954 So. 2d 97, 100 (Fla. 2d DCA 2007)).[5]

Given the circumstances in which this proceeding arose and the external-though-related proceedings that were integral to our sua sponte decision to stay this proceeding and that, in turn, resulted ultimately in the mootness upon which Dorothy's presumed status as the prevailing party necessarily would have to be based, we conclude that this is one of the rare and exceptional circumstances that warrants exercising our discretion to preclude any subsequent award of costs to Dorothy as the prevailing party.  Therefore, we preclude the trial court from awarding Dorothy costs that she incurred in this certiorari proceeding.

### Conclusion

Based on the foregoing, we accept Essenson's notice of voluntary dismissal, dismiss Essenson's petition, deny Dorothy's motion for appellate attorney's

---

[5]Interestingly, and though contrary to Rappaport and other opinions from this court, the First District and Third District have suggested that orders compelling nonparties to produce discovery are final, appealable orders because a decision on the discovery issue concludes judicial labor between the nonparty and the parties to the underlying litigation.  See, e.g., United Servs. Auto. Ass'n v. Law Offices of Herssein & Herssein, P.A., 233 So. 3d 1224, 1230 n.6 (Fla. 3d DCA 2017); Fla. House of Representatives v. Expedia, Inc., 85 So. 3d 517, 520-21 (Fla. 1st DCA 2012).  Regardless, the posture in which Essenson sought review does not affect the ultimate disposition of either this proceeding, see Fla. R. App. P. 9.040(c), or Essenson's motion.

fees, strike Dorothy's motion for appellate costs, grant Essenson's motion to preclude costs, and order that the trial court shall not award Dorothy appellate costs related to this certiorari proceeding.

SALARIO, J., Concurs.
KHOUZAM, J., Concurs specially.

KHOUZAM, J., Concurring specially.

I agree with the majority's conclusion to strike Dorothy Bloom's motion for appellate costs and to grant James Essenson's motion to preclude the trial court from awarding her appellate costs in this proceeding. I write only to explain that but for Dorothy's action in filing her premature motion to compel, which was erroneously granted by the trial court, Essenson would not have filed his petition for writ of certiorari with our court. And but for our court's issuance of a stay on the writ of certiorari, Essenson would have been the prevailing party, as there was no basis for the trial court to grant Dorothy's motion to compel the billing records where there was a denial of entitlement to fees. For these reasons, I concur with the decision reached by the majority.