DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**OMAR F. GUERRA JOHANSSON,**
Appellant,

v.

**JULIET E. JOHANSSON, SERENDIPITY CHARTERS, LLC,
LIMITLESS YACHT ENGINEERING, LCC,** and
**OMAR F. GUERRA JOHANSSON, P.A.,**
Appellees.

No. 4D21-3343

[September 21, 2022]

Appeal of a nonfinal order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Frank Ledee, Judge; L.T. Case No. 17-001587 FMCE (33/98).

Natalie L. Lopez of Johansson and Lopez Attorneys, P.A., Fort Lauderdale, for appellant.

Juliet E. Johansson, Fort Lauderdale, pro se.

PER CURIAM.

In this post-dissolution appeal, the former husband challenges an order on the parties' respective motions to enforce provisions of their marital settlement agreement concerning distribution of their tax refund from their 2017 joint income tax returns, among other issues. The former husband argues the trial court erred by entering a written order that was inconsistent with its oral pronouncement regarding distribution of a portion of the refund attributable to an overpayment made in 2016. We agree with this point, and we reverse. We affirm as to all other issues without discussion.

## Background

The parties divorced in 2018. They filed a joint income tax return for 2017, from which they received a refund. The refund, which totaled $150,123, was deposited into the former wife's attorney's trust account. The refund included a $27,408 credit for an overpayment that was carried

forward from the parties' 2016 joint return. At the evidentiary hearing below, the former husband argued that he was entitled to half of the 2016 overpayment because it was marital property subject to equal distribution. The parties also litigated entitlement to the portion of the refund attributable to overpayments made in 2017, the details of which are irrelevant to the issues raised on appeal.

At the hearing, the trial court orally ruled that the former husband was entitled to half of the 2016 overpayment (half of $27,408 = $13,704). However, because the amount in the trust account was insufficient to distribute the collective amounts awarded to each party, the trial court reduced each party's award by one-half of the deficit, for an award of $12,305.50 to the former husband.

The court's written order, however, reflected a different outcome. Before reaching the issue of the 2016 overpayment, the trial court allocated all funds within the attorney's trust account to other portions of the entitlement award. The trial court maintained its oral ruling that the former husband was entitled to half of the overpayment from 2016, but wrote that nothing would be distributed as to that amount because no funds remained in the trust account after the other portion of the refund was distributed.

## Analysis

When a trial court's written order is inconsistent with its earlier oral pronouncement, the oral pronouncement generally controls and the written order must be reversed. *See Soldatich v. Jones*, 290 So. 3d 497, 500 (Fla. 4th DCA 2020); *Cappola v. Cappola*, 280 So. 3d 102, 104 (Fla. 4th DCA 2019); *Glick v. Glick*, 874 So. 2d 1238, 1241 (Fla. 4th DCA 2004).

Here, the court's written order is inconsistent with its earlier oral pronouncement as to the former husband's distribution from the trust account representing his share of the overpayment from 2016. The court orally ruled that the former husband was entitled to $12,305.50, after adjusting for the apparent deficit in the trust account. In its written order, however, the court ruled that nothing would be distributed as to the overpayment from 2016 because all the funds in the trust account were to be distributed to account for the parties' separate and distinct entitlement to the 2017 overpayment. This ruling was entered without an intervening evidentiary hearing.

We therefore reverse the written order as to this issue. On remand, the court shall amend the written order to conform to its prior oral

pronouncement stating the former husband is entitled to a distribution of $12,305.50, representing his share of the overpayment from 2016.

Although the parties have not raised the issue, our reversal on this point will result in an order that directs disbursement of more funds than are held in the trust account. This is because neither party argued on appeal that the written order was inconsistent with the oral pronouncement as to the share awarded to the former wife. We leave it to the parties to raise the appropriate motions on remand to resolve this issue. *Cf. Sweeney v. Sweeney*, 583 So. 2d 398, 399 (Fla. 1st DCA 1991) (where reversal of certain portions of order necessarily affected overall plan for equitable distribution, remanding for reconsideration of the equitable scheme "in an effort to do equity and justice to both parties").

## Attorney's Fees

Both parties' briefs included requests for appellate attorney's fees. We deny both requests because neither party filed a separate motion nor cited a substantive basis for an attorney's fees award. *See* Fla. R. App. P. 9.400(b); *Garcia v. Collazo*, 178 So. 3d 429, 430 (Fla. 3d DCA 2015); *McCreary v. Fla. Residential Prop. & Cas. Joint Underwriting Ass'n*, 758 So. 2d 692, 696 (Fla. 4th DCA 1999).

*Affirmed in part, reversed in part, and remanded with instructions. Requests for attorney's fees denied.*

CIKLIN, FORST and KUNTZ, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

3