IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

EDMOND SANTIAGO,

      Appellant,

v.

SHAYNNA LEANNE POSEY,

      Appellee.

_____/

Case No.  5D22-2370
LT Case No. 2020-DR-11282

Opinion filed March 2, 2023

Appeal from the Circuit Court
for Brevard County,
Nancy Maloney, Judge.

Quoc Van, Sanford, for Appellant.

Heather C. Harris, of The H. Harris
Law Firm, Merritt Island, for Appellee.

LAMBERT, C.J.

      The final judgment dismissing Appellant's petition to determine paternity is affirmed.  *See Fla. Dep't of Rev. v. Cummings*, 930 So. 2d 604, 605 (Fla. 2006) (holding that the legal father is an indispensable party in an

action to determine paternity unless it has been conclusively established that the legal father's rights to the child have been divested by some earlier judgment). Our affirmance is without prejudice to Appellant bringing an action for paternity that includes the legal father of the subject minor child as a party.

We next address Appellee's motion for an award of attorney's fees and costs incurred in this appeal. Florida Rule of Appellate Procedure 9.400(b) provides, in pertinent part, that "a motion for attorneys' fees shall state the grounds on which recovery is sought." A motion filed under this rule must identify the particular contractual, statutory, or other substantive basis for an award of attorney's fees on appeal. *See United Servs. Auto. Ass'n v. Phillips*, 775 So. 2d 921, 922 (Fla. 2000) (interpreting rule 9.400(b) to require that a party's motion seeking appellate attorney's fees "provide substance and specify the particular contractual, statutory, or other substantive basis for an award of fees on appeal").

The sole basis identified in Appellee's motion for attorney's fees is section 61.16, Florida Statutes (2022). This statute authorizes an award of appellate attorney's fees in the context of dissolution of marriage proceedings, not in paternity proceedings. The statutory basis for an award of attorney's fees in a paternity proceeding is section 742.045, Florida

Statutes, which has not been pled. Accordingly, Appellee's motion for appellate attorney's fees is denied.

Lastly, we strike that part of Appellee's motion seeking an award of appellate costs, without prejudice to Appellee timely filing the motion in the circuit court following the issuance of our mandate. *See* Fla. R. App. P. 9.400(a) ("[Appellate c]osts shall be taxed by the lower tribunal on a motion served no later than 45 days after rendition of the [appellate] court's order."); *In re Guardianship of Bloom*, 251 So. 3d 1026, 1029 (Fla. 2d DCA 2018) ("Generally, if a party to an appeal files a motion in this court for an award of costs on appeal, this court will strike the motion because such costs are properly sought in the first instance in the trial court." (footnote omitted)); *Garcia v. Collazo*, 178 So. 3d 429, 430 (Fla. 3d DCA 2015) (striking a motion for costs on appeal without prejudice to the moving party filing a timely motion under rule 9.400(a) in the circuit court).

AFFIRMED; APPELLEE'S MOTION FOR APPELLATE ATTORNEY'S FEES DENIED; APPELLEE'S MOTION FOR APPELLATE COSTS STRICKEN, without prejudice.

MAKAR and JAY, JJ., concur.

3