548 So.2d 1176 (1989)
Harry R. REINHART, Appellant,
v.
Arthur C. MILLER, et al., Appellees.
Nos. 88-1459, 88-1460.
District Court of Appeal of Florida, Fourth District.
September 13, 1989.
Michael J. McNerney and Amy R. Reeck, of Brinkley, McNerney, Morgan & Solomon, Fort Lauderdale, for Reinhart.
Jay M. Levy, of Hershoff, Levy & Swartz, P.A., Miami, for Miller.
GARRETT, Judge.
Appellant appeals the trial court's order determining appellees' entitlement to attorney fees. The same order found appellant to be entitled to attorney fees which appellees cross appeal, after consolidation.
Although the jury found appellant breached the contract, the trial judge directed a verdict finding appellees also breached the contract. The trial judge later found both appellants and appellees to be the prevailing party and awarded attorney fees to each.
*1177 We reverse. In a companion appeal, we negated this appealed order by remanding for a new trial on appellant's breach of contract count. However, we write to address whether there can be two prevailing parties under one contract. We think not. Unless in the same lawsuit there are separate and distinct claims which would support independent actions, there can only be one prevailing party. When alternative theories of liability are litigated, only one party can prevail. Folta v. Bolton, 493 So.2d 440 (Fla. 1986). Either appellant or appellees breached the contract. The breach by one party to a contract releases the other party from performing any future contractual obligations. 11 Fla.Jur.2d Contracts § 169 (1979). Either appellant or appellees is entitled to attorney fees under the contract. Accord Katz v. Van Der Noord, 546 So.2d 1047 (Fla. 1989). If there could not be two breaches, there could not be two prevailing parties.
Accordingly, we reverse the attorney fees order and remand for further hearing to determine which party is entitled to attorney fees after the new trial concludes. See Publix Super Markets v. Cheesbro Roofing, 502 So.2d 484 (Fla. 5th DCA 1987).
REVERSED AND REMANDED FOR FURTHER HEARING CONSISTENT HEREWITH.
HERSEY, C.J., and POLEN, J., concur.