PER CURIAM.
This is an appeal from a final judgment entered in favor of a builder-seller in a dispute with the contract purchasers, appellants, who unsuccessfully claimed the right to cancel the contract and recover their deposit. We believe there is substantial competent evidence to support all of the rulings of the trial court challenged on appeal. Accordingly, we affirm.
The most troubling issue raised is that the court erred in awarding attorney’s fees to the builder-seller because the purchasers ended up recovering a portion of their deposit monies out of the proceeds of the sale of the house. The appellants sued to void the transaction and for the return of their deposit. The appellee counter-sued citing appellants’ refusal to close and purchase of another home. The trial court rejected appellants’ claim and found that the appellants materially breached the contract by wrongfully attempting to cancel the deal. During the pendency of the litigation, the completed house was sold and the proceeds ordered by the court to be held in escrow. Although the trial court found that the builder-seller was damaged by the appellants’ breach, the amount of the damages was less than the appellants’ deposit. Accordingly, the court ordered that the builder-seller’s damages, plus interest, be paid out of the escrowed fund first, and the balance paid to the appellants.
In essence, the trial court found that the retention of the deposit by the builder-seller was not wrongful, because the appellants breached the contract by refusing to go through with the deal. Having found the appellants in breach, we think the trial court was correct in assessing fees for the seller-builder, even though the trial court allowed the appellants to recover the funds left over from the sale after appellee’s damages were paid. This situation is somewhat similar to the one involved in Reinhart v. Miller, 548 So.2d 1176, 1177 (Fla. 4th DCA 1989), wherein we held that a trial court must find only one prevailing party for attorney’s fees purposes:
We reverse. In a companion appeal, we negated this appealed order by remanding for a new trial on appellant’s breach of contract count. However, we write to address whether there can be two prevailing parties under one contract. We think not. Unless in the same lawsuit there are separate and distinct claims which would support independent actions, there can only be one prevailing party. When alternative theories of liability are litigated, only one party can prevail. Folta v. Bolton, 493 So.2d 440 (Fla1986). Either appellant or appellees breached the contract. The breach by one party to a contract releases the other party from performing any future contractual obligation. 11 Fla.Jur.2d Contracts § 169 (1979). Either appellant or appellees is entitled to attorney fees under the contract. Accord Katz v. Van *353 Der Noord, 546 So.2d 1047 (Fla.1989). If there could not be two breaches, there could not be two prevailing parties.
Accordingly, we reverse the attorney fees order and remand for further hearing to determine which party is entitled to attorney fees after the new trial concludes. See Publix Super Markets v. Cheesbro Roofing, 502 So.2d 484 (Fla. 5th DCA 1987).
ANSTEAD and STONE, JJ„ concur.
OWEN, WILLIAM C„ Jr., Associate Judge, dissents with opinion.