604 So.2d 807 (1992)
Carl A. MORITZ, et Ux., Petitioners,
v.
HOYT ENTERPRISES, INC., Respondent.
No. 77892.
Supreme Court of Florida.
July 23, 1992.
Rehearing Denied October 5, 1992.
*808 Freeman W. Barner, Jr. of Cromwell, Pfaffenberger, Dahlmeier, Barner & Griffin, North Palm Beach, for petitioners.
John L. Avery, Jr. of the Law Offices of John L. Avery, Jr., Jupiter, and John Beranek of Aurell, Radey, Hinkle & Thomas, Tallahassee, for respondent.
OVERTON, Justice.
This is a petition to review Moritz v. Hoyt Enterprises, Inc., 576 So.2d 351 (Fla. 4th DCA 1991), in which the district court held that Hoyt Enterprises (Hoyt) was entitled to attorney's fees as the prevailing party under circumstances where Carl and Sara Moritz had been found to have breached a contract but were still entitled to a judgment for the majority of the funds held on deposit. We find conflict with Casavan v. Land O'Lakes Realty, Inc., 542 So.2d 371 (Fla. 5th DCA 1989), in which the Fifth District Court of Appeal held that the prevailing party, for the purpose of awarding attorney's fees, is the party who recovers the larger portion of the sum in dispute.[1] We approve the decision of the district court in this cause, concluding that this record establishes that Hoyt prevailed on the significant issues tried in this cause.
The relevant facts reflect that on December 2, 1986, the Moritzes entered into a contract with Hoyt Enterprises for the purchase of a lot and the construction of a single-family home bordering on the Loxahatchee River in Jupiter, Florida. The house was in the initial stages of construction at the time the parties entered into the contract. The Moritzes gave Hoyt a deposit of $52,000, or 10% of the $520,000 sale price. They also advanced $5,877.45 for extras, making the total deposit $57,877.45.
In February of 1987, the Moritzes complained of the quality of certain items, including the kitchen cabinets. The Moritzes asserted that the quality was not consistent with that of a luxurious custom home. The Moritzes contacted an attorney in March of 1987 and on March 6, 1987, entered into a contract to buy a different house located on the ocean. They subsequently closed on the second house. On March 27, 1987, by letter from their attorney, the Moritzes repudiated their contract with Hoyt, claiming that the house had not been built in accordance with the plans and demanded the return of their deposit money. Hoyt claimed it offered to return the Moritzes' deposit, minus damages caused by their breach, but the Moritzes refused. Hoyt subsequently sold the home for $510,000, $10,000 below the original purchase price, not including the extras.
The Moritzes then brought the instant action, alleging that Hoyt had breached the agreement by failing to construct a building in accordance with the agreement and according to their desires and specifications. *809 The Moritzes also sought to impress an equitable lien on the property, asserting that the deposit money had been used to build the house and that, consequently, Hoyt had been unjustly enriched. Hoyt answered, denying the allegations and affirmatively asserting that the Moritzes had breached the contract; that it was entitled to retain the down payment as liquidated damages; and that it had offered to return the deposit, less its damages, to the Moritzes. Hoyt counterclaimed, alleging that the Moritzes' repudiation of the contract caused Hoyt damages in excess of $5,000.
The trial court, in a partial summary judgment, determined that Hoyt was not entitled to the deposit as liquidated damages and that the measure of damages that could be sought was limited to Hoyt's general compensatory damages. The trial court found these damages to be the difference between the agreed purchase price and the actual value of the property at the time of the Moritzes' alleged breach. The trial court, upon final hearing, entered a detailed final judgment making express findings of fact. In its final judgment, the trial court noted:
The legal question presented is whether the contractor, Hoyt Enterprises, breached the contract so as to entitle the buyers, the Moritzes, to refuse to perform. If Hoyt breached the contract, then the Moritzes are entitled to the return of their deposit, plus interest. If Hoyt did not breach the contract, then the Moritzes' refusal to perform constituted a breach and Hoyt is entitled to recover the difference between the value of the house at the time of the breach and the contract price, plus interest on his counterclaim, minus the amount deposited by the Moritzes.
The trial court found that Hoyt's "actions ... did not constitute a material breach going to the essence of the contract, and thus did not excuse the Moritzes' performance." With regard to the use of the deposited funds, the trial court recognized that "an escrow agent is liable to his principal for any damage flowing from his breach of [an] escrow agreement," but determined that "there was no damage from the use of the escrow funds. Moreover, when the Moritzes became aware that Hoyt had used the escrow funds in the construction, they made no demand that Hoyt place a like amount in an escrow account." The trial court found that the reasonable value of the house at the time of the breach was equal to the $510,000 that Hoyt received for the house. The trial court also found that the contract price, plus extras, equaled $526,861, and concluded that Hoyt's damages on the counterclaim were $16,861, plus interest in the amount of $3,718.56. Therefore, Hoyt's damages totaled $20,579.56. However, the trial court also concluded that the Moritzes were entitled to the difference between Hoyt's damages, $20,579.56, and the Moritzes' deposits and advances, $57,877.45, plus interest on the difference from the date of the breach, totaling $8,228.01. Accordingly, the trial court entered an order directing Hoyt to pay $45,525.90. In a separate order, the trial court granted Hoyt's motion to tax costs and attorney's fees and denied a similar motion by the Moritzes.
On appeal, the Fourth District Court of Appeal relied on its decision in Reinhart v. Miller, 548 So.2d 1176 (Fla. 4th DCA 1989), and concluded that, because the Moritzes had breached the contract and Hoyt had been awarded damages on its counterclaim, Hoyt was the prevailing party for the purpose of awarding attorney's fees. The dissenting judge adopted the Fifth District's reasoning in Casavan and stated that the party who recovers the larger portion of the sum in dispute should be the prevailing party for the purpose of awarding attorney's fees, even though that party breached the contract.
The Moritzes argue that, for the purpose of attorney's fees, the prevailing party is the one who recovers an affirmative judgment, as held by the Fifth District in Casavan and by the Second District in Daniels v. Arthur Johannessen, Inc., 496 So.2d 914 (Fla. 2d DCA 1986). Hoyt argues that the test for determining the prevailing party is that set forth by the United States Supreme Court in Hensley v. Eckerhart, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). In Hensley, the United States Supreme Court held that the test is whether the party "`succeed[ed] on any significant *810 issue in litigation which achieves some of the benefit the parties sought in bringing suit.'" Id. at 433, 103 S.Ct. at 1939 (quoting Nadeau v. Helgemoe, 581 F.2d 275, 278-79 (1st Cir.1978)).
We agree that the party prevailing on the significant issues in the litigation is the party that should be considered the prevailing party for attorney's fees. In this action, the Moritzes brought suit alleging as their primary issue that Hoyt had breached the contract and, as a secondary issue, that Hoyt had improperly utilized the escrowed funds. On the first issue, the trial judge found that the Moritzes, not Hoyt, had breached the contract. On the secondary issue, the trial court found that there was no damage and that the Moritzes had effectively waived any objection to Hoyt's use of the escrowed funds. The trial court then found that Hoyt was entitled to partially prevail on its counterclaim. It is apparent from the record that the trial judge concluded that Hoyt Enterprises prevailed on the significant issues in the case because it did not breach the contract and, consequently, should not be required to pay attorney's fees to the parties who did not prevail on their complaint and only partially prevailed on their defense to the counterclaim.
It is our view that the fairest test to determine who is the prevailing party is to allow the trial judge to determine from the record which party has in fact prevailed on the significant issues tried before the court. Given the circumstances of this record, we find that the trial judge was within his discretion to grant Hoyt's motion for attorney's fees and costs.
For the reasons expressed, we approve the decision of the district court and disapprove Casavan and Daniels to the extent they conflict with this decision.
It is so ordered.
BARKETT, C.J., and McDONALD, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.
NOTES
[1] We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.