WHATLEY, Judge.
The landlord, Bullseye Properties, Inc., challenges the final judgment awarding damages, attorney’s fees, and costs in its action against the tenant, The Weiler Engineering Corp., for breach of a commercial lease. We reverse.
The parties’ problems began when Weiler sought to vacate the premises before the end of its lease term. The operative paragraph of the parties’ lease, which in essence provided an escape clause to the tenant in the event the tenant wished to vacate the premises before the end of the lease term, stated:
1. TENANT shall notify LANDLORD at least Sixty (60) days prior to desire to vacate.
2. TENANT shall pay LANDLORD an additional Ninety (90) days rent prior to leaving along with applicable sales tax, electric and other payments prescribed within the Lease.
We find this language to be clear and unambiguous. As such, Weiler’s option'in vacating early was to give the appropriate notice and pay three months’ additional rent. Although Weiler provided the appropriate notice to Bullseye, it failed to pay or tender the three months’ additional rent prior to moving out of the premises or at any time thereafter. In fact, Weiler filed a counterclaim seeking monetary damages from Bullseye for, inter alia, allegedly having paid for more square footage than it occupied.
The perplexing point in this case centers on the contradictory awards in the final judgment. Without making any findings, the trial court awarded Bullseye $4,084.11 “on its Complaint,” stated that Weiler would recover nothing on its counterclaim, but awarded Weiler in excess of $22,000 in attorneys fees and costs. Under the au *278 thority of Moritz v. Hoyt Enterprises, Inc., 604 So.2d 807 (Fla.1992), the trial court apparently believed that Weiler had prevailed on the significant issues in the litigation. Part of the confusion reflected in the final judgment may flow from the format that was used by the court. The trial court made no rulings from the bench and at no time articulated any findings of fact. Rather, it directed counsel for each party to submit multiple judgments for its consideration. The trial court then signed one of the judgments submitted by Weiler. Florida Judicial Administration Rule 2.050(f) states in part: “Every judge has a duty to rule upon and announce an order or judgment on every matter submitted to that judge within a reasonable time.... ” This duty of a judge to decide cases and make findings of fact is nondelegable.
The award to Bullseye was inadequate because Weiler breached the lease by failing to utilize the lease’s escape clause, and therefore, it owed Bullseye the balance due under the lease.
Accordingly, we reverse the final judgment and remand with directions that the trial court enter judgment in favor of Bull-seye in an amount representing the balance due under the subject lease, subject to any appropriate defenses established at trial, such as rent realized by Bullseye for the reletting of the premises during the applicable period. In addition, the trial court is to award Bullseye its attorney fees and costs under the applicable lease provision.
Reversed and remanded with directions.
SILBERMAN and VILLANTI, JJ., concur.