**In re JET 1 CENTER, INC., Debtor.**

**Jet 1 Center, Inc., a Florida Corporation, Plaintiff/Counter-defendant**

**v.**

**City of Naples Airport Authority, Defendant/Counter-plaintiff And Third–Party Plaintiff**

**v.**

**Jet 1 Center, Inc., et al., Counter-defendant and Third–Party Defendants.**

**Bankruptcy No. 9:03–BK–26514–ALP. Adversary No. 04–110.**

United States Bankruptcy Court, M.D. Florida, Fort Myers Division.

Feb. 14, 2006.

Lori V. Vaughan, Foley & Lardner Tampa, FL, for Debtor.

***ORDER ON DEBTOR'S MOTION TO DETERMINE ENTITLEMENT TO ATTORNEYS' FEES AND COSTS AND MOTION BY CITY OF NAPLES AIRPORT AUTHORITY FOR THE ASSESSMENT OF ATTORNEYS' FEES AND COSTS***

ALEXANDER L. PASKAY, Bankruptcy Judge.

THE MATTERS under consideration in the above styled adversary proceeding in this Chapter 11 case of Jet 1 Center, Inc. (Debtor) are a Motion by City of Naples Airport Authority for the Assessment of Attorneys' Fees and Costs (Doc. No. 206), filed by the City of Naples Airport Authority (Authority) and a Motion to Determine Entitlement to Attorneys' Fees and Costs (Doc. No. 219), filed by the Debtor. The record reveals that this Court previously entered its Findings of Facts, Conclusions of Law and Memorandum Opinion (Doc. No. 191) on August 26, 2005, and its Order on Debtor's Emergency Motion for Reconsideration or to Alter or Amend the Final Judgment (Doc. No. 231) on October 26, 2005. Final judgment on the merits having been entered, both parties argue they are entitled to attorneys' fees and costs. This Court has reviewed the legal memoranda submitted by both parties in support of their respective motions, and rules as follows.

The parties entered into a series of leases, which form the basis of the controversy underlying this Adversary Proceeding. Second Amended Complaint

(Doc. No. 29), Exhs. A, B, C, and D. The Leases between the parties provides for the recovery of attorneys' fees and costs to the prevailing party. 1997 Leasehold Agreement, Second Amended Complaint, Exh. B, ¶ 21. Indeed, the parties do not dispute that the Leases at issue in the Adversary Proceeding provide for such an award to the prevailing party. *See* Jet 1 Brief on Support of Its Motion to Determine Entitlement to Attorneys' Fees and Costs, pg. 8. Under Florida law, the "prevailing party" is the party that prevails on the most significant issues in the litigation. *Moritz v. Hoyt Enters., Inc.,* 604 So.2d 807, 810 (Fla.1992) (holding "the party prevailing on the significant issues in the litigation is the party that should be considered the prevailing party for attorney's fees.").

The facts and issues in dispute in this Adversary Proceeding are well-known to all involved, and do not require recitation here. The significant issue was a determination as to the termination by the Authority, pre-petition, of a leasehold claimed by the Debtor. This Court found that the Leases were validly terminated pre-petition, and ruled against the Debtor on all of the counts in its Complaint, and denied the Debtor's Motion to Assume the Leases. In the Final Judgment, this Court ordered the Debtor to vacate the premises, subject to a stay pending appeal.

In addition to the Leases termination issue, this Court considered the Authority's counterclaim for damages based on lost profits as a result of the Debtor's breach, and ruled that the Authority presented insufficient proof to sustain a claim for damages. The Debtor argues that because this Court awarded no damages to the Authority, the Authority cannot be the prevailing party. However, this Court is satisfied that the significant issue at stake in the litigation was the termination or assumption of the Leases. A court-appointed examiner stated, with respect to this issue: "If the [Authority] is successful in terminating the lease arrangement prepetition, taking away the Debtor's main asset and only real source of income, then obviously the Debtor is no longer a viable entity." Examiners' Report, submitted by Gerard A. McHale, Jr., P.A., (Filed in the main case, Doc. No. 162), p. 4. The Debtor's leasehold interest is the main asset in this case, and the continuing validity of that interest was the significant issue in the Adversary Proceeding.

The Authority was the prevailing party on the significant issue in the litigation, and is thus entitled to an award of attorneys' fees and costs; the Debtor was not the prevailing party, and is not entitled to fees and costs. The Debtor's Motion shall be denied. The Authority's Motion shall be granted, and the Authority shall file with the Court a detailed summary and calculation of its fees and costs, and an affidavit describing the services rendered and the hourly rate charged. The Authority shall serve the affidavit on the Debtor, who will have twenty days from receipt to file any objections to the fees and costs.

The present ruling is only directed to the entitlement of the respective parties to attorneys' fees and costs. This Court makes no ruling as to the claims process in this case at this time.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion by City of Naples Airport Authority for the Assessment of Attorneys' Fees and Costs (Doc. No. 206), filed by the City of Naples Airport Authority be, and the same is hereby, granted. It is further

ORDERED, ADJUDGED AND DECREED that the Motion to Determine Entitlement to Attorneys' Fees and Costs

(Doc. No. 219), filed by the Debtor be, and the same is hereby, denied. It is further

ORDERED, ADJUDGED AND DE-CREED that the Authority shall file with the Court a detailed summary and calculation of its fees and costs, and an affidavit describing the services rendered and the hourly rate charged. The Authority shall serve the affidavit on the Debtor, who will have twenty (20) days from receipt to file any objections to the fees and costs.

DONE AND ORDERED.