On Motion for Review of Order on Former Husband’s Motion to Tax Appellate Costs
PER CURIAM.
Susan Markin, the former wife, seeks review of a trial court order[1] under Florida Rule of Appellate Procedure 9.400(c). This order awarded David Markin, the former husband, costs totaling $171,649[2] for the appeal of the final judgment of dissolution in this case, see Markin v. Markin, 896 So.2d 814 (Fla. 4th DCA 2005). Susan Markin contends that the trial court erred by awarding David Markin appellate costs, because he was not the prevailing party on appeal. David Markin did not respond to Susan Markin’s motion within the time permitted by the appellate rules. We agree with Susan Markin that the trial court erred and reverse the order, see Gerhardt v. Gerhardt, 738 So.2d 485 (Fla. 4th DCA 1999)(reversing, rather than quashing, trial court' order under Rule 9.400(c) review).
Florida Rule of Appellate Procedure 9.400(a) provides that appellate costs “shall be taxed in favor of the prevailing *15 party unless the court orders otherwise.” In determining whether a party was the prevailing party in an appeal, the test articulated in Moritz v. Hoyt Enterprises, Inc., 604 So.2d 807 (Fla.1992), applies. See N. Am. Van Lines, Inc. v. Ferguson Transp., Inc., 662 So.2d 1275, 1276 (Fla. 4th DCA 1995). Moritz defines the prevailing party for purposes of attorney’s fees and costs as “the party prevailing on the significant issues.” 604 So.2d at 810.
In the trial court order awarding appellate costs to David Markin, the trial court misstated the applicable legal standard in its analysis. The trial court wrote that: “A party need only prevail on a significant issue in an appeal to be entitled to recover appellate costs.” (Emphasis added). However, the Moritz standard requires that a party prevail on “the significant issues.” (Emphasis added). Although the trial court properly found that David Markin prevailed on an issue on appeal, that being a credit for post-judgment alimony against the amount of the final judgment, the trial court did not determine that he prevailed on “the significant issues” on appeal.
Undoubtedly a credit of $1.2 million would be considered significant by many people, but in the scheme of this particular case, the issue was rather insignificant indeed. David Markin’s appeal of the final judgment of dissolution was unsuccessful in upsetting the final judgment in any regard, still requiring him to pay Susan Markin an equitable distribution equalizing payment of $33,106,816. By obtaining the credit on appeal, Markin merely was given credit for the sum of money that he had remitted toward the full equalizing payment. His obligations under the final judgment were in no way reduced. In other words, he obtained no relief from the total amount he was required to pay, let alone relief that could be classified as significant.
Therefore, by applying the Moritz standard to the circumstances of this case, we conclude that David Markin was not the prevailing party on “the significant issues” on appeal for purposes of an award of appellate costs. Consequently, we reverse the trial court order awarding appellate costs to David Markin and remand for further proceedings consistent with this opinion.

Reversed and Remanded.

STEVENSON, C.J., GUNTHER and STONE, JJ., concur.

. This order was entered by a successor trial court and not the trial court that entered the final judgment of dissolution.

. This amount includes $161,000 for an appellate bond premium for the bond that David Markin was required to obtain by this Court. This bond was necessary for this appeal only because David Markin failed to fulfill his obligations under the final judgment of dissolution and transferred some of the parties’ assets to an unreachable offshore account. As such, even if we were not quashing the order awarding David Markin appellate costs in its entirety, we would still quash this portion of the award because Susan Markin should not be expected to pay for a bond premium necessitated solely by David Markin's misconduct.