973 So.2d 600 (2008)
Soneet KAPILA, as Trustee for Cellular USA, a Florida corporation, Appellant,
v.
AT & T WIRELESS SERVICES, INC., a Washington corporation, Appellee.
No. 3D06-2462.
District Court of Appeal of Florida, Third District.
January 23, 2008.
*601 The Cochran Firm, Leeds, Colby & Paris and Scott Leeds; Karen J. Haas, Miami, for appellant.
Ackerman, Link & Sartory and David P. Ackerman and Glory P. Ross, West Palm Beach, for appellee.
Before GREEN, SHEPHERD, and CORTINAS, JJ.
CORTIÑAS, J.
Appellant, Soneet Kapila, as Trustee for Cellular USA ("Cellular USA"), seeks review of a judgment awarding attorney's fees to AT & T Wireless Services of Florida, Inc. ("AT & T").

I. Factual Background
Cellular USA was a dealer for AT & T and, in that capacity, marketed AT & T wireless telephone services, and provided products, customer service and support to end users.[1] At some point, Cellular USA's relationship became strained and, on or about August, 1999, Cellular USA filed a ten-count complaint against AT & T and ABC Cellular Corp. ("ABC"), another purported AT & T dealer. The counts included, inter alia, violation of Sections 1 and 2 of the Sherman Antitrust Act (the "Federal Antitrust Counts") by both AT & T and ABC, violation of sections 542.18, and 542.19, Florida Statutes (the "State Antitrust Counts"), by both AT & T and ABC, breach of contract by AT & T, and violation of the Florida Deceptive and Unfair Trade Practices Act, section 501.201, et seq., Florida Statutes, by ABC.
The lawsuit proceeded in federal court until the Second Amended Complaint was filed, which dropped the Federal Antitrust Counts, at which point the case was remanded to state court. When the Third Amended Complaint was filed, the State Antitrust Counts were also dropped. Sometime after the filing of the Third Amended Complaint, AT & T sought permission from the bankruptcy court to pursue an award of attorney's fees against Cellular USA, which was a debtor in bankruptcy. The amount of time this process required is unclear from the record. Approximately nine months after the Third Amended Complaint was filed, AT & T filed a motion for entitlement to attorney's fees for defending the Federal Antitrust Counts and the State Antitrust Counts.
Several months after the entry of the court's order awarding attorney's fees, Cellular USA filed a Motion for Relief from Judgment and Memorandum of Law arguing that 1) the request for fees was unripe and there was no "substantially prevailing party" because the case was ongoing; 2) one of AT & T's attorneys was not entitled to fees because he was not admitted in Florida and never moved to appear in the state court proceeding; and 3) the motion for fees was untimely. The court granted the motion in part, determining that there was no entitlement to attorney's fees with respect to the Federal Antitrust Counts.
*602 Subsequently, AT & T filed a motion to determine the amount of attorney's fees and supporting affidavits. Cellular USA filed a memorandum in opposition and a hearing was then held to determine the amount of fees. AT & T presented a fee expert, but Cellular USA did not. Cellular USA maintained its objections that AT & T could not recover fees for time expended in federal court or for time expended by an out-of-state attorney who never appeared pro hac vice. At the hearing, AT & T apparently testified that the defense of all counts was intertwined and the allocation of fees between the Federal Antitrust Counts and the State Antitrust Counts was done after the fact. The court ultimately awarded the attorney's fees requested by AT & T.
Cellular USA appeals the fee Award and argues that the circuit court erred in 1) ordering prevailing party entitlement to fees prior to the conclusion of the case; 2) awarding attorney's fees to an out-of-state attorney who did not file a request to appear pro hac vice; and 3) awarding fees for services rendered by AT & T's lead counsel not related to the State Antitrust Claims.

II. Standard of Review
We review de novo a trial court's ruling on entitlement to attorney's fees based on the interpretation of contractual provisions. Gibbs Constr. Co. v. S.L. Page Corp., 755 So.2d 787 (Fla. 2d DCA 2000).

III. Entitlement to Prevailing Party Attorney's Fees Prior to the Conclusion of the Case

Cellular USA argues that the circuit court committed error by determining entitlement to, and awarding, AT & T prevailing party attorney's fees. We agree. "Generally, attorney's fees are not awarded unless authorized by statute or contract." Cadenhead v. Gaetz, 677 So.2d 96, 97 (Fla. 1st DCA 1996). With respect to attorney's fees, the Agreement provides as follows:
18.4 Attorney's Fees. If a court action is commenced by one party against the other, the substantially prevailing party shall be entitled to recover its reasonable costs incurred therein, including any appeals. For the purposes of this Clause 18.4 and Clause 18.2, the term "costs" shall include, without limitation, attorney's fees, paralegal fees, investigative fees, expert witness fees, administrative costs, and any other charges billed by the attorney to the prevailing party, and the cost of efforts of in-house legal staff which shall be valued at market rates for comparable services from private practitioners.
The Agreement specifically provides that the "substantially prevailing party shall be entitled to recover its reasonable costs," inclusive of attorney's fees.
"[T]he party prevailing on the significant issues in the litigation is the party that should be considered the prevailing party for attorney's fees." Moritz v. Hoyt Enters., Inc., 604 So.2d 807, 810 (Fla.1992). Citing the United States Supreme Court's decision in Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), the Moritz court found that "the test is whether the party `succeed[ed] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.'" Moritz, 604 So.2d at 809-10. The circuit court's determination of AT & T's entitlement to attorney's fees as prevailing party on the State Antitrust Counts due to Cellular USA's abandonment of these claims is premature given that significant counts remain pending in the lawsuit. While there is sufficient precedent for the award of fees on specific counts as cited by AT & T, such cases involve determinations of *603 entitlement to fees made at the conclusion of a case and do not stand for the proposition that attorney's fees may be awarded during the pendency of a case.
Because stated causes of action remain in the instant lawsuit, it is impossible to determine the "substantially prevailing" party until such time as all pending counts are resolved. While it is possible that, despite Cellular USA prevailing on the remaining counts, AT & T may ultimately be determined to be the "substantially prevailing party," such a determination should be made after the conclusion of the case. As set forth by the Florida Supreme Court:
It is our view that the fairest test to determine who is the prevailing party is to allow the trial judge to determine from the record which party has in fact prevailed on the significant issues tried before the court.
Moritz, 604 So.2d at 807. In the case before us, there remain several counts in Cellular USA's lawsuit which have not yet been "tried before the court." While it is also possible that AT & T may prevail on the remaining issues, it is improper for the court to determine AT & T's entitlement to fees as prevailing party on certain counts prior to the final disposition of the case.
AT & T's reliance on E & A Produce Corp. v. Superior Garlic International, Inc., 864 So.2d 449 (Fla. 3d DCA 2003), is misplaced. Specifically, in E & A, we acknowledged that there was no transcript of the hearing on the entitlement to attorney's fees. Because of the lack of a transcript, we were unable to determine whether the trial court abused its discretion in awarding the fees and consequently had to affirm the award. Id. at 452. Upon review of the transcript on the hearing to determine the entitlement to fees, the only case cited and argued by AT & T was E & A and after AT & T's brief argument, the circuit court determined that AT & T was entitled to fees. As noted, E & A is not applicable to the instant case and therefore should not have formed a basis for the determination of the award of attorney's fees. There is no applicable case law supporting AT & T's entitlement to attorney's fees at this stage of the lawsuit.
Based upon the foregoing, we need not address the remaining issues on appeal and quash the orders determining entitlement to, and awarding, attorney's fees to date.
Reversed and remanded.
NOTES
[1] The original dealer agreement (the "Agreement") was between Cellular USA and McCaw Communications of Florida, Inc., which was subsequently known as Cellular One, and later as AT & T.