JACOBUS, J.
The Appellant, TDM of Central Florida, LLC (“TDM”), appeals the final summary judgment entered in favor of the Appellee, Saul Holdings Limited Partnership (“Saul Holdings”). TDM contends that the trial court should not have granted summary judgment in this case because issues of material fact remain. We agree and reverse.
On April 8, 2008, TDM entered into a commercial lease with Saul Holdings and agreed to lease space in a strip mall. The leased space was to be used as a restaurant. At the initial inspection, TDM determined that the current air conditioning system installed on the premises was insufficient. While negotiating the lease, Saul Holdings agreed to install, at its sole cost and expense, a new 7.5-ton HVAC rooftop air conditioning unit to serve the premises. This became a condition of the lease and it was included in the lease terms.
TDM subsequently developed architectural drawings and obtained bids for the build-out of the premises for use as a restaurant. Thereafter, Saul Holdings sent TDM a document entitled “Substantial Completion Inspection and Tenant Space Approval,” which provided that the Substantial Completion Inspection was made on April 80, 2008, and that the leased premises is accepted as-is. TDM objected to signing the form because the air conditioning unit had not been installed at the time TDM received the form. After discussions with Saul Holdings, the form was modified to include an exception for the landlord to install a new 7.5-ton HVAC rooftop unit.
After signing the form and returning it to the landlord, TDM received a letter from Saul Holdings on May 2, 2008. This letter indicated that the parties had entered an oral agreement, in which TDM had agreed to install the 7.5-ton unit as required by the lease and Saul Holdings agreed to give TDM a credit for the cost of the installation in the amount of $18,000 against the rent due under the lease. Upon receipt of the letter, TDM immedi *500 ately advised Saul Holdings that there was no agreement, there never had been an agreement to modify the lease, and it was cancelling the lease agreement because Saul Holdings was operating in bad faith.
Saul Holdings subsequently sent TDM a form entitled “Commencement and Estop-pel Agreement.” That form memorialized the start date of the lease and purported to act as an estoppel to any claims TDM may have against Saul Holdings. It specifically recited that the tenant had accepted possession of the premises as-is. TDM did not sign the form. At the time TDM received this agreement, neither party had installed the air conditioning unit on the premises.
Saul Holdings sued TDM for eviction and for breach of the lease. Below, TDM claimed it never took possession of the premises and, therefore, it was never obligated under the lease. TDM filed an affidavit swearing that it never had possession of the premises. TDM further argued that Saul Holdings’ conduct was an anticipatory repudiation of the lease. Ultimately, the trial court entered summary judgment in favor of Saul Holdings, finding TDM was liable for damages for lease payments over the term of the lease. TDM appeals this judgment.
Entry of summary judgment is appropriate when “there is no genuine issue of material fact and ... the moving party is entitled to a judgment as a matter of law.” Volusia Cnty. v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000). When considering a case in which summary judgment has been entered, an appellate court “must review the record and any supporting affidavits in the light most favorable to the non-moving party.” Turner v. PCR, Inc., 754 So.2d 683, 684 (Fla.2000).
We agree with TDM that there are material issues of fact remaining, which preclude the entry of summary judgment in this case. In particular, there are factual disputes as to: (1) whether Saul Holdings attempted, in bad faith, to make TDM accept the premises as-is without installing the air conditioner required by the lease; (2) whether Saul Holdings sent the letter reflecting an oral modification to the lease without TDM’s acceptance of that modification; and (3) whether Saul Holdings ever installed the air conditioner as required by the lease. If these factual disputes are resolved in favor of TDM, then there may be merit to its anticipatory repudiation argument and TDM would be released from performing any further contractual obligations. See Lucite Ctr., Inc. v. Mercede, 606 So.2d 492, 493 (Fla. 4th DCA 1992)(“The breach by one party to a contract releases the other party from performing any future contractual obligations.”' (quoting Reinhart v. Miller, 548 So.2d 1176, 1177 (Fla. 4th DCA 1989))). In light of the factual disputes, summary judgment was not appropriate in this case. We, therefore, reverse the final summary judgment entered in Saul Holdings’ favor and remand for further proceedings.
REVERSED and REMANDED.
ORFINGER, C.J. and LAWSON, J., concur.