ON MOTION TO REVIEW TRIAL COURT’S POST-MANDATE AWARD OF ATTORNEYS FEES AND DENIAL OF MOTION TO TAX COSTS

LAMBERT, J.
Pursuant to Florida Rule of Appellate Procedure 9.400(c), Arvita M. Coleman (“Former Wife”) seeks review of a trial court order that she contends awarded her attorney’s fees, but denied her motion for taxation of appellate costs.
Former Wife previously appealed the final judgment, later amended, dissolving her marriage to Michael Bland (“Former Husband”). At that time, we found no reversible error as to any of the issues raised, except as to whether any part of Former Husband’s pension was a marital asset. Coleman v. Bland, 73 So.3d 795, 795 (Fla. 5th DCA 2011). We determined that the record showed that a small portion of the pension was earned during the marriage and should be classified as a marital asset; therefore, we remanded -as to only that issue for the court to make proper findings as to the disposition of Former Husband’s pension. Id. at 796. We separately entered an order granting Former Wife’s motion for appellate attorney’s fees conditioned upon the trial court finding need of Former Wife and commensurate ability to pay of Former Husband, and remanded the case to the trial court to assess the amount of the award, if any.
Pursuant to Florida Rule of Appellate Procedure 9.400(a), Former Wife then timely filed a motion to tax appellate costs. She also separately filed a motion in the trial court seeking an award of temporary attorney’s fees needed to litigate the issue on remand regarding the Former Husband’s pension. The trial court held an evidentiary hearing on all issues, and entered an order, which provided in pertinent part:
2. The Former Husband shall pay the Former Wife the sum of Five Thousand Dollars ($5,000) for and as a contribution toward the Former Wife’s appellate attorney’s fees and costs and post-judgment non-appellate attorney’s fees and costs.
3. Said $5,000 shall be paid at the rate of Five Hundred Dollars ($500) per month beginning September 29, 2014.
In the instant case, Former Wife contends the trial court erred in not awarding *754 her the full amount of her appellate attorney’s fees and in denying her request for appellate costs.[1] However, because the trial court failed to specify in its order whether the $5000 award applied to appellate attorney’s fees, appellate costs, or post-mandate attorney’s fees at the trial court level, we are precluded from meaningful review of the award. See Altamonte Hitch & Trailer Serv., Inc. v. U-Haul Co. of E. Fla., 483 So.2d 852, 854 (Fla. 5th DCA 1986) (stating that “we can undertake no meaningful review of the sums awarded because the lower court failed to stipulate in its order what amounts awarded pertain to appellate fees and costs as opposed to trial fees and costs”). Accordingly, we remand this cause to the trial court for the purpose of apportioning attorney’s fees and/or costs awarded between appellate and trial work.[2]
REMANDED.
TORPY, C.J., and LAWSON, J., concur.

. "[T]he correct method of seeking review of an order on appellate costs or attorney’s fees is to file a motion for review in the appellate court in the proceeding that was the subject of the award, within 30 days of rendition of the order in the lower tribunal.” Pallar v. Granger Asphalt Paving, Inc., 687 So.2d 282, 284 (Fla. 1st DCA 1997).

. We remind the trial court that if it awards appellate attorney’s fees, there should be specific findings as to the reasonable number of hours expended and the reasonable hourly rate. Furthermore, Florida Rule of Appellate Procedure 9.400(a) permits appellate costs to be taxed in favor of the "prevailing party” unless the court orders otherwise. Therefore, in determining whether to award appellate costs, the trial court must decide whether Former Wife was the "prevailing party” on the primary appeal. See, e.g., Markin v. Markin, 953 So.2d 13, 15 (Fla. 4th DCA 2007) (reversing award of appellate costs in favor of former husband who prevailed on an issue, but not "the significant issues” on appeal).