IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

ARVITA M. COLEMAN,

      Appellant,

 v.                                        Case No.  5D16-1627

MICHAEL BLAND,

      Appellee.

_____/

Opinion filed September 30, 2016

Appeal from the Circuit Court
for Orange County,
Sally D.M. Kest, Judge.

Carlton Pierce, of Carlton Pierce, P.A.,
West Palm Beach, for Appellant.

No appearance for Appellee.


PER CURIAM.

      Arvita Coleman ("Former Wife") appeals from a final order on remand determining her interest in the pension of Michael Bland ("Former Husband") and denying appellate attorney's fees and costs from a prior appeal.[1]  She first challenges the trial court's failure

---

[1] This is Former Wife's sixth direct appeal in this twelve-year-old dissolution case. *See Bland v. Bland*, 971 So. 2d 210, 212 (Fla. 5th DCA 2007); *Coleman v. Bland*, 73 So. 3d 795, 795 (Fla. 5th DCA 2011) ("*Coleman I*"), *rev. denied*, 91 So. 3d 131 (Fla. 2012); *Coleman v. Bland*, 151 So. 3d 1265 (Fla. 5th DCA 2014) (table) ("*Coleman II*"); *Coleman v. Bland*, 152 So. 3d 752, 754 (Fla. 5th DCA 2014) ("*Coleman III*"); *Coleman v. Bland*,

to award her share of the Former Husband's pension retroactive to the date of the dissolution petition, asserting that the court's prospective-only award resulted in an unequal property distribution that: (1) was barred by res judicata as it could have been raised in a prior appeal; (2) was beyond the scope of remand; (3) was beyond the scope of the pleadings as Former Husband never sought an unequal distribution; and (4) lacked justification or supporting evidence. These arguments lack merit as the record demonstrates that the trial court followed this court's directive to reconsider the "proper disposition" of the marital portion of the pension by considering the factors in section 61.075, Florida Statutes. Accordingly, we affirm that part of the order relating to the pension.

Next, Former Wife argues that the trial court's denials of appellate attorney's fees and costs are not supported by competent, substantial evidence. Both arguments are well taken as to Case No. 5D14-3779, but not Case No. 5D10-1326. Regarding Case No. 5D14-3779, the trial court's finding that Former Husband was unable to pay appellate attorney's fees contradicted its prior attorney's fee award without any additional evidence or hearing, and was unsupported by the record given the very large disparity in the parties' incomes. Similarly, Former Wife prevailed on the significant issue in that appeal and filed a timely motion for costs. Accordingly, we reverse those portions of the order and remand for reconsideration of appellate costs and fees. Regarding Case No. 5D10-1326, Former

---

187 So. 3d 298, 300 (Fla. 5th DCA 2016) ("*Coleman IV*"). All of the above appeals except *Coleman II* resulted in reversals of the trial court's disposition of Former Wife's $88.50 per month interest in Former Husband's pension and conditional awards of appellate attorney's fees.

2

Wife waived any further challenge to appellate fees and costs by abandoning those issues in *Coleman IV*.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED FOR FURTHER PROCEEDINGS RELATING TO ATTORNEY'S FEES AND COSTS IN CASE NO. 5D14-3779.

LAWSON, C.J., TORPY and BERGER, JJ., concur.