# Third District Court of Appeal

## State of Florida

Opinion filed May 24, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-2200
Lower Tribunal No. 14-435
_____

**Diya Salame,**
Petitioner,

vs.

**1st Priority Restoration, Inc.,**
Respondent.

On Petition for Writ of Certiorari from the Circuit Court for Miami-Dade County, Appellate Division, Bertila Soto, Rodney Smith, and Monica Gordo, Judges.

Jay M. Levy, P.A., and Jay M. Levy, for petitioner.

Perry & Neblett, P.A., and David Avellar Neblett and John Wynn, for respondent.

Before SUAREZ, C.J., and ROTHENBERG and EMAS, JJ.

ROTHENBERG, J.

Diya Salame ("Salame") petitions this Court to grant second-tier certiorari relief and quash the circuit court appellate division's ("appellate division") per curiam affirmance of the county court's order awarding attorney's fees to 1st Priority Restoration, Inc. ("1st Priority"). Because we do not find any miscarriage of justice, we deny the petition.

## BACKGROUND

This dispute first arose in 2007, when 1st Priority provided Salame with water extraction services following a flood that damaged Salame's property. Salame signed a work authorization contract ("the contract"), which provides for attorney's fees in the event that 1st Priority prevails in a collection lawsuit. The contract also contains an interest provision, which provides that in the event of nonpayment, Salame will be responsible for service charges in the amount of 1.5% per month or the highest amount allowed by law.

Salame ultimately failed to pay the invoice and claimed, among other things, that one of the rugs that 1st Priority cleaned and returned pursuant to the contract had been damaged by 1st Priority in the process. 1st Priority subsequently filed its complaint in circuit court against Salame for breach of contract, quantum meruit, civil theft, and check fraud. Salame answered the complaint and alleged, *inter alia*, an affirmative defense that any claim or judgment that 1st Priority obtains against Salame should be set-off by the loss of and damage to Salame's property for which

2

1st Priority is responsible. Ultimately, 1st Priority moved for and obtained an order granting summary judgment in its favor as to the breach of contract claim, but the circuit court reserved ruling on the issues of damages and the amount of attorney's fees owed in connection with the breach of contract. Salame subsequently moved for and obtained an order granting summary judgment in his favor on 1st Priority's remaining claims because the claims were all barred by the economic loss rule. In the same order, the circuit court transferred the case to county court because the remaining claims did not meet the circuit court's jurisdictional threshold of $15,000.

Once in county court, 1st Priority moved for the entry of a final judgment and to determine attorney's fees. After a lengthy special set hearing on 1st Priority's motion, the county court entered an order: (1) granting final judgment for 1st Priority; (2) finding that 1st Priority "is the prevailing party on all significant issues in this litigation and is considered the prevailing party for attorney's fees and costs and is entitled to reasonable attorney's fees and costs" from Salame pursuant to the contract; and (3) determining the amount that Salame owes 1st Priority in attorney's fees and costs. Salame appealed this order to the appellate division, arguing, in part, that the county court erred by determining which party was the prevailing party in the litigation prior to adjudicating Salame's entitlement to a set-off. The appellate division issued a per curiam affirmance of

3

the county court's order. Thereafter, Salame filed the instant petition for second-tier certiorari review of the appellate division's affirmance.

## ANALYSIS

Although this litigious conflict has been ongoing for the better part of a decade, the case is before this Court on a second-tier certiorari petition. Thus, this court's review is very limited. See Haines City Cmty. Dev. v. Heggs, 658 So. 2d 523, 530 (Fla. 1995) (stating that the district court's decision on a petition for certiorari seeking review of the circuit court's appellate decision is limited to whether the circuit court "departed from the essential requirements of the law"); City of Ctr. Hill v. McBryde, 952 So. 2d 599, 601 (Fla. 5th DCA 2007) ("A ruling constitutes a departure from the essential requirements of law when it amounts to a violation of a clearly established principle of law resulting in a miscarriage of justice.") (internal quotation omitted). Specifically, the limited issue in this petition for second-tier certiorari review is whether the trial court violated "a clearly established principle of law resulting in a miscarriage of justice" by finding that 1st Priority is the prevailing party on all substantial issues in the litigation while Salame's affirmative defense of set-off is still pending. See Custer Med. Ctr. v. United Auto. Ins. Co., 62 So. 3d 1086, 1092 (Fla. 2010) (quoting Combs v. State, 436 So. 2d 93, 96 (Fla. 1983)).

As a general rule, a trial court cannot determine the prevailing party in the litigation without first resolving all of the substantial pending issues in the litigation. Kapila v. AT & T Wireless Servs., Inc., 973 So. 2d 600, 603 (Fla. 3d DCA 2008) (holding that "[b]ecause stated causes of action remain in the instant lawsuit, it is impossible to determine the 'substantially prevailing' party until such time as all pending counts are resolved"); Burnstein v. 5838 Condo., Inc., 430 So. 2d 572, 572 (Fla. 3d DCA 1983) ("There can be no prevailing party for the purpose of awarding attorney's fees **until there is an end to the litigation** as by judgment or other dispositive order.") (emphasis added). Thus, the county court erred by determining the prevailing party prior to adjudicating the pending set-off issue.

However, this error has not resulted in a miscarriage of justice, warranting the exercise of our certiorari power. Custer Med. Ctr., 62 So. 3d at 1093 (stating that "this Court has definitively expressed that certiorari cannot be used to grant a second appeal to correct the existence of mere legal error"); City of Ctr. Hill, 952 So. 2d at 601 (stating that "[s]econd-tier certiorari review is not a matter of right"). The record reflects that the initial invoice for the services performed, plus the amounts accrued pursuant to the contractually required 1.5% per month service charge, exceeds even the highest possible valuation Salame alleges for his set-off

against the judgment. Even if Salame were to succeed in his set-off defense, he would not prevail in the litigation.

In sum, even after viewing the facts and all of the reasonable inferences in the light most favorable to Salame, there is no way for Salame to prevail based on his set-off defense. Accordingly, although the trial court erred by prematurely determining the prevailing party in this litigation, we conclude that such error has not resulted in a miscarriage of justice. We, therefore, deny the petition. We find that Salame's remaining arguments are without merit, and therefore decline to specifically discuss them.

Certiorari denied.

EMAS, J., concurs.

SUAREZ, C.J. (dissenting)

I respectfully dissent.

This matter arises out of an attorney's fee dispute of a very highly contested matter originating in county court and ending up after appeal in the circuit court Appellate Division. That panel affirmed a final judgment of the county court awarding 1st Priority Restoration its attorney's fees and costs. It therefore comes to us on second tier certiorari and the majority is correct that our standard of review is extremely limited. Applying that limited standard of review I conclude the petitioner correctly asserts that the Circuit Court Appellate Division's per curiam affirmance of the county court's decision departed from the essential requirements of the law.

The majority correctly points out that the county court determined the prevailing party without first determining the merits of the underlying set-off issues to arrive at appropriate damages, in order to then determine appropriate attorney's fees. This matter has already been before us on appeal. In dismissing that appeal for lack of jurisdiction, this Court concluded that the damages amount (invoice amount already awarded, less any setoff for the alleged failure to return

7

property) had not yet been adjudicated and reduced to a final judgment. When remanded, the county court failed to make such evidentiary findings before determining the prevailing party and granting fees.

The majority re-weighs the record evidence: "even after viewing the facts and all of the reasonable inferences in the light most favorable to Salame," and arrives at the factual conclusion that "even if Salame were to succeed in his set-off defense, he would not prevail in the litigation." Although the majority may be correct in that factual analysis, it is an analysis we cannot make under our second tier standard of review. This Court is limited to determining whether the appellate decision of the circuit court has violated a clearly established principle of law resulting in a miscarriage of justice. A district court should grant second-tier certiorari "only when there has been a violation of a clearly established principle of law resulting in the miscarriage of justice." Wekiva Springs Reserve Homeowners v. Binns, 61 So. 3d 1190, 1191 (Fla. 5th DCA 2011) (quoting Custer Med. Ctr. v. United Auto. Ins. Co., 62 So. 3d 1086, 1092 (Fla. 2010); United Auto. Ins. Co. v. Santa Fe Medical Center, 21 So. 3d 60 (Fla. 3d DCA 2009).

Because the county court did not make the required factual findings regarding set-off prior to determining the prevailing party for purposes of attorney's fees, I consider this to be a violation of a clearly established principle of law resulting in the miscarriage of justice. See Haines City Cmty. Dev. v. Heggs,

8

658 So. 2d 523, 530 (Fla. 1995) ("A departure from the essential requirements of law is equivalent to a failure to apply the correct law.").

I would grant the petition for certiorari, reverse the circuit court appellate decision and remand to the county court to make the required factual findings regarding set-off prior to determining the prevailing party and to reduce those issues to a final judgment.