# Third District Court of Appeal

## State of Florida

Opinion filed December 2, 2020.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D19-1143
Lower Tribunal No. 18-5301
_____

**Noreen Sablotsky,**
Appellant,

vs.

**Eduardo Gonzalez-Hernandez,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Reemberto Diaz, Judge.

Klein Glasser Park & Lowe, P.L., Robert M. Klein and Andrew M. Feldman, for appellant.

Robert P. Lithman, P.A., and Robert P. Lithman (Lake Worth); Law Offices of Jennifer S. Carroll, P.A., and Jennifer S. Carroll (Jupiter), for appellee.


Before MILLER, GORDO and BOKOR, JJ.

GORDO, J.

Noreen Sablotsky appeals the trial court's finding, following a bench trial, that the loan she issued to Eduardo Gonzalez-Hernandez was usurious. She also appeals the trial court's denial of her request for attorney's fees based on its conclusion that Gonzalez-Hernandez was the prevailing party in the underlying suit. We affirm the trial court's judgment as to its finding that the loan was usurious without further discussion, Jersey Palm–Gross, Inc. v. Paper, 658 So. 2d 531, 534 (Fla. 1995), but write to address the trial court's denial of attorney's fees to Sablotsky.

"[A] trial court's determination of which party prevailed . . . is reviewed for an abuse of discretion." T & W Devs., Inc. v. Salmonsen, 31 So. 3d 298, 301 (Fla. 5th DCA 2010) (citations omitted). "[T]he party prevailing on the significant issues in the litigation is the party that should be considered the prevailing party for attorney's fees." Kapila v. AT&T Wireless Servs., Inc., 973 So. 2d 600, 602 (Fla. 3d DCA 2008) (quoting Moritz v. Hoyt Enters., Inc., 604 So. 2d 807, 810 (Fla.1992)). Sablotsky filed the underlying case for breach of promissory note and to foreclose on the security interest. The trial court's judgment was in Sablotsky's favor inasmuch as the trial court concluded Gonzalez-Hernandez breached the terms of the note by failing to make payments thereon, awarded Sablotsky the full principal amount of the loan, and ordered the sale of the secured property to pay off the sum owed to Sablotsky. As such, Sablotsky prevailed on the significant issues litigated.

See Green Cos. v. Kendall Racquetball Inv., Ltd., 658 So. 2d 1119, 1121 (Fla. 3d DCA 1995) ("In a breach of contract action, one party must prevail." (citations omitted)).  As the prevailing party, she was entitled to recover her attorney's fees in connection with her efforts to "foreclose[e] the [security interest] for the legally [enforceable] amount of the debt."  Trs. of Cameron-Brown Inv. Grp. v. Tavormina, 385 So. 2d 728, 729 (Fla. 3d DCA 1980) (quoting Wilson v. Conner, 142 So. 606, 609 (Fla. 1932)).[1]  Thus, we reverse the trial court's denial of fees to Sablotsky.

Affirmed in part, reversed in part and remanded.

---

[1] To the extent that Sablotsky appeals the award of fees to Gonzalez-Hernandez, this issue is not yet ripe for this Court's review, as the trial court merely concluded that Gonzalez-Hernandez was entitled to fees but has not yet set the amount of such fees. See, e.g., Yampol v. Turnberry Isle S. Condo. Ass'n, 250 So. 3d 835, 837 (Fla. 3d DCA 2018) ("An order granting entitlement to attorney's fees but not determining the amount of fees or costs is a non-final, non-appealable order . . . ." (citing Garcia v. Valladares, 99 So. 3d 518 (Fla. 3d DCA 2011))).