DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**LUZ MERY CANON,**
Appellant,

v.

**FERRIS ZIADIE,**
Appellee.

No. 4D21-356

[September 15, 2021]

Appeal from the County Court for the Seventeenth Judicial Circuit, Broward County, Mardi Levey Cohen, Judge; L.T. Case Nos. COCE19-8766 and CACE20-9966.

Samuel J. Gittle of EPGD Attorneys at Law, P.A., Miami, for appellant.

Charmaine Powell of the Law Office of Charmaine C. Powell, Miami, and Charles H. Groves of the Law Offices of Charles H. Groves, North Miami, for appellee.

FORST, J.

Appellant Luz Mery Canon ("Buyer") appeals the amended final judgment's award of prevailing party attorney's fees to Appellee Ferris Ziadie ("Seller"). We agree with Buyer's contention that she, not Seller, prevailed on the underlying case's most (if not only) significant issue. Accordingly, we reverse.

**Background**

Buyer entered into a contract with Seller for the sale of real property. Buyer placed $10,000 in escrow as a deposit. The contract included a liquidated damages clause stating that if Buyer failed to diligently pursue financing, Buyer would be in default and would forfeit the entire $10,000 deposit to Seller.

Buyer obtained preliminary approval for a loan application. However, six days before closing, Buyer voluntarily terminated her employment with

1

the United States Army.  As a result, the lender was unable to verify Buyer's income and rejected her loan application.

Seller informed Buyer that as a sign of good faith, Seller would allow Buyer an opportunity to "regroup" with a lender to obtain financing. However, Seller stated that as a contingency, the property would be put back on the market, though Buyer's contract would be given top priority.

Approximately ten days later, Seller informed Buyer that he was canceling the contract based on her failure to obtain financing.  Seller also stated that he was retaining the entire $10,000 deposit pursuant to the liquidated damages clause.  Seller subsequently sold the property to a different buyer (at a higher sales price than Buyer's offer).

Buyer filed a claim against Seller alleging that Seller breached the contract by: (1) failing to provide notice that he was no longer interested in moving forward with the contract, and (2) selling the property to another buyer while simultaneously giving an extension to Buyer to obtain financing.  Buyer's complaint requested the deposit's return, as well as "reliance damages for [two months of storage—about $1,600] and other fees [about $525] needlessly incurred."

In response, Seller raised a counterclaim, alleging that Buyer breached the contract by failing to diligently pursue financing, and further contending that he was entitled to retain the deposit pursuant to the liquidated damages clause.  Buyer then raised an affirmative defense alleging that she was entitled to recover her deposit because the liquidated damages clause was unenforceable.

Following the bench trial's conclusion, the trial court issued a final judgment, finding that Buyer breached the contract because she did not diligently pursue financing.  However, the court stated that "[n]either party presented evidence or even argued as to the damages," thus the court awarded no damages to Seller.  Additionally, the court found that the liquidated damages clause was not enforceable because it lacked mutuality of obligation and further stated that "[t]o award [Seller] the full deposit amount of $10,000 after the property was sold would amount to an unfair windfall for [Seller]."  As a result, the court ordered Seller to return Buyer's deposit.  Lastly, the court found that Seller was the prevailing party and ordered Buyer to pay Seller's reasonable attorney's fees.

Buyer moved for rehearing and to alter the final judgment, arguing that she was the prevailing party because she prevailed on her affirmative

2

defense which forced Seller to return the deposit. The trial court denied the motion, maintaining that Seller was the prevailing party, and issued an amended final judgment stating in pertinent part:

> The prevailing party in this case is [Seller] as he has prevailed on the breach of contract counter-claim against [Buyer]. Pursuant to *Moritz v. Hoyt Enterprises, Inc.*, 604 So. 2d 807 (Fla. 1992), a purchaser who sued a vendor for breach of contract on the purchase of a new construction house and did not prevail and was found to have breached the contract while nonetheless being entitled to partial deposit returned, was not the prevailing party for purposes of awarding attorney fees pursuant to the contract terms. The vendor prevailed on his breach of contract counter-claim even though he had to return partial deposit. Accordingly, [Buyer] in the instant case has failed to prove her case and has been found to have breached the contract. [Seller] has prevailed on the counter-claim for breach of contract. [Seller] is the prevailing party even though he failed to prove damages and is ordered to return the deposit funds.

The instant appeal followed.

## Analysis

"The standard of review of a trial court's ruling on the issue of entitlement to prevailing party attorney's fees is abuse of discretion." *Skylink Jets, Inc. v. Klukan*, 308 So. 3d 1048, 1051 (Fla. 4th DCA 2020). The determination of the prevailing party rests on whether the party "succeeded on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Trytek v. Gale Indus., Inc.*, 3 So. 3d 1194, 1200 (Fla. 2009) (citation and alteration omitted).

On appeal, Buyer argues that the trial court erred in determining that Seller was the prevailing party in the underlying action and its reliance on *Moritz* was misplaced. We agree.

In *Moritz*, the parties entered into a contract for the construction of a home and the plaintiffs paid a total deposit of $57,877.45. 604 So. 2d at 808. The plaintiffs eventually complained about the quality of certain items and asserted that the quality was inconsistent with that of a luxurious custom home. *Id.* The plaintiffs then purchased a different house. *Id.* Following that transaction, the plaintiffs sent a letter to the defendant, repudiating the home construction contract on the grounds

3

that the house had not been built according to the plans and demanding the return of their deposit. *Id.* The defendant later sold the home for $10,000 below the plaintiff's original purchase price, not including "the extras." *Id.* The defendant "claimed it offered to return the [plaintiffs'] deposit, minus damages caused by their breach, but the [plaintiffs] refused." *Id.*

Following these events, the plaintiffs sued, seeking the refund of their deposit, and alleging that the defendant breached the contract by failing to construct the house in accordance with their agreement. *Id.* The defendant denied the allegations and brought a counterclaim for breach of contract, alleging that the plaintiff's repudiation caused it damages exceeding $5,000. *Id.* at 809.

The trial court found that the defendant was not entitled to retain the deposit as liquidated damages and that "the measure of damages that could be sought was limited to [the defendant's] general compensatory damages." *Id.* Based on these findings, the trial court directed the defendant to return the total deposit, plus interest, in the amount of $66.105.46. *Id.* However, this was offset by the court ordering the plaintiffs to pay compensatory damages based on the difference between the home's value at the time of the breach and the contract price, plus interest—$20,579.56. *Id.* As a result, the plaintiffs achieved a net recovery of $45,525.90. *Id.* Despite awarding the plaintiffs a net recovery, the trial court determined that the defendant was the prevailing party for purposes of awarding attorney's fees. *Id.* Ultimately, the Florida Supreme Court affirmed and explained that the prevailing party was the party that prevailed on "the significant issues in the litigation" and not necessarily the party that achieved a net recovery. *Id.* at 809–10.

The underlying case is distinguishable from *Moritz*. Here, both parties brought a breach of contract claim, but neither argued for, nor presented, any evidence of damages beyond the approximately $2,125 in "reliance damages" requested by Buyer. Nor did either party seek nonmonetary relief. Thus, the primary—if not only—"significant issue" in the underlying litigation was not the recovery of damages arising from an alleged breach, but rather, who was entitled to the deposit. In contrast, the primary issue in *Moritz* was whether the defendant was entitled to compensation for the damages that he incurred from the plaintiffs' breach—specifically, because the defendant was forced to sell the property at a lower amount than was agreed to between the parties. *Id.* at 808. Thus, the defendant in *Moritz* had raised and prevailed on an issue that was separate from the retention of the deposit.

Moreover, in the instant case, Seller was seeking a specific kind of relief—retention of the deposit—whereas Buyer's principal objective was recovering her deposit. The trial court ruled in favor of Buyer's affirmative defense, and in doing so, found that the liquidated damages clause was unenforceable and ordered Seller to return the deposit. Under these circumstances, it was unreasonable for the trial court to find Seller was nevertheless the prevailing party because this finding was based on a ruling that did not provide Seller with his sought-after relief (the retention of the deposit).[1] Therefore, we find that the trial court erred in awarding Seller prevailing party attorney's fees.

## Conclusion

The determinative and sole "significant" issue in this case was the liquidated damages clause's enforceability. Following the trial court's ruling that the clause was not enforceable, the breach of contract issue became mostly irrelevant, and Seller never obtained his sought-after relief (retention of the deposit). Accordingly, we reverse the trial court's determination that Seller was the prevailing party and remand with instructions to award Buyer reasonable attorney's fees as the prevailing party.

*Reversed and remanded.*

KLINGENSMITH and ARTAU, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

---

[1] In his counterclaim, Seller does not allege any facts showing that he suffered damages. The counterclaim simply states that "[d]ue to [Buyer's] Breach of Contract [Seller] has suffered damages." This fails to allege any ultimate facts elucidating the damages allegedly sustained. *See, e.g.*, *Louie's Oyster, Inc. v. Villaggio Di Las Olas, Inc.*, 915 So. 2d 220, 221–22 (Fla. 4th DCA 2005) ("Unlike the pleading requirements in the federal courts where notice pleading is the prevailing standard, the Florida Rules of Civil Procedures require fact pleading. To state a cause of action, a complaint must allege sufficient ultimate facts to show that the pleader is entitled to relief." (citations omitted)). Furthermore, the trial court's amended final judgment states that Seller did not argue for or provide proof of any damages.