BOARDMAN, Acting Chief Judge.
Ponnuswamy Natarajan, plaintiff below, appeals a final judgment granting a directed verdict in favor of appellee/defendant Paris Horn in appellant’s action seeking reformation or rescission of an executed contract between the parties whereby appellee sold appellant a parcel of real estate and the residential structure thereon. Appellant also challenges the trial court’s award of attorney’s fees to appellee. Finding no merit to the substantive issues raised by appellant, we affirm the directed verdict, but we reverse the award of attorney’s fees.
Appellee made her request for fees on the basis of section 57.105, Florida Statutes (1979), which mandates the award of attorney’s fees to the prevailing party if the court finds a complete absence of a justicia-ble issue of either of law or fact raised by the losing party. The trial court found, and properly so, that an award of attorney’s fees pursuant to this statute was not justified under the facts and circumstances of this case. However, the trial court nevertheless awarded fees as requested, predicating its decision on certain language in the contract between the parties. This, we hold, was error.
The only clause in the contract that concerns legal fees provides: “Any party failing to comply with the terms of this contract will pay all expenses, including a reasonable Attorney’s fee, incurred by the other party to this contract as a result of such failure.” Appellee is not entitled to fees under this clause. There is no contention *597 that appellant failed to comply with any term of the contract. Moreover, this action was not brought to enforce the contract or any provision thereof, but rather to rescind or reform the contract. Thus this action is completely outside the terms of the contract.
Accordingly, the portion of the final judgment awarding appellant nothing on his claim against appellee is affirmed, but the award of attorney’s fees to appellee is stricken.
GRIMES and RYDER, JJ., concur.