Per Curiam.
Deutsche Bank filed a two-count complaint against Jose Quintela: Count I sought foreclosure due to Quintela's non-payment on his mortgage and Count II sought to reform a potentially incorrect legal description within the mortgage. The Bank abandoned reformation at trial, but obtained a foreclosure; nevertheless, Quintela was awarded attorneys' fees and costs. We find that was error and reverse.
*158 During trial, the Bank conceded that there was no testimony to support reformation. However, the Bank continued to pursue foreclosure and the trial court ultimately entered a final judgment of foreclosure. Because the trial court's judgment failed to specify that the Bank did not prevail as to the reformation count, Quintela moved for clarification and to vacate the entire final judgment. He also alleged that a final judgment based on an incorrect legal description of the subject property was "an inequitable Final Judgment."
Although the trial court amended the final judgment to clarify that it found in favor of Quintela on the reformation count, the court did not vacate the foreclosure, but, instead, ordered the subject property to be sold at a public sale.
Despite the trial court's final judgment of foreclosure in favor of the Bank, Quintela moved for attorneys' fees and costs pursuant to section 57.105(7), Florida Statutes (2015), because he prevailed on the reformation count. Quintela alleged he was entitled to fees and costs under section 22 of the mortgage and the reciprocity provision of section 57.105(7). Section 22 stated, in relevant part:
Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument .... If the default is not cured ... Lender at its option may require immediate payment in full.... Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.
The trial court held a hearing on Quintela's motion for attorneys' fees and costs. At the hearing, Quintela admitted that the Bank prevailed as to the foreclosure, but sought fees and costs related to defending both the foreclosure and reformation. Quintela argued that an award was warranted because he prevailed on the reformation count and the defense of both counts was inextricably intertwined. After hearing arguments from both parties, the trial court granted Quintela's request and awarded him $ 62,283.54 in fees and costs for defending the Bank's action. This appeal followed.
"[W]e review de novo a trial court's final judgment determining entitlement to attorney's fees and costs based on a provision in the mortgage and the application of section 57.105(7)." See Bank of N.Y. Mellon Tr. Co., N.A. v. Fitzgerald , 215 So.3d 116, 118 (Fla. 3d DCA 2017).
Under section 57.105(7), "[i]f a contract contains a provision allowing attorney's fees to a party when he or she is required to take any action to enforce the contract, the court may also allow reasonable attorney's fees to the other party when that party prevails in any action, whether as plaintiff or defendant, with respect to the contract."
In Natarajan v. Horn , 402 So.2d 596, 596 (Fla. 2d DCA 1981), Natarajan sought reformation of a contract he entered into with Horn. The trial court granted a directed verdict in favor of Horn and awarded him prevailing party attorneys' fees based on a provision in the contract. Id. This provision stated, "Any party failing to comply with the terms of this contract will pay all expenses, including a reasonable Attorney's fee, incurred by the other party to this contract as a result of such failure." Id. On appeal, the Second District ultimately reversed, finding Horn was not entitled to fees under the provision. The Second District reasoned that there was no contention as to whether Natarajan failed to comply with any term of the contract *159 because the action "was not brought to enforce the contract or any provision thereof, but rather to rescind or reform the contract." Id. at 597. Thus, the reformation action was determined to be a remedy pursued separate and apart from a claim resulting from a breach of the contract. Id.
Similarly, the relevant portion of Quintela's mortgage states that the "Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22 ...." (Emphasis added). While that provision clearly applies to the Bank's foreclosure action, it does not include the reformation claim because reformation is not a remedy provided under Section 22 of the mortgage. See Natarajan , 402 So.2d at 597. As Natarajan held, the Bank's reformation claim is "completely outside the terms of the contract" and cannot form the basis for an award of attorneys' fees and costs pursuant to the mortgage. See id .
Furthermore, Quintela was not the prevailing party. To be entitled to attorneys' fees and costs under a prevailing party statute or contract, the trial court must determine that a party has "prevailed." In Coconut Key , we addressed how to determine who is a prevailing party: "Black's Law Dictionary ... defines 'prevailing party' as '[a] party in whose favor a judgment is rendered, regardless of the amount of damages awarded.' BLACK'S LAW DICTIONARY 1154 (8th ed. 2004)." Coconut Key Homeowner's Ass'n v. Gonzalez , 246 So.3d 428, 433 (Fla. 4th DCA 2018) (alteration in original). While "a party who receives affirmative judicial or equitable relief is clearly considered a prevailing party under the law," the party must also prevail on a "significant issue" to obtain attorneys' fees as a prevailing party. See id . at 433-34 ; accord Anglia Jacs & Co. v. Dubin , 830 So.2d 169, 172 (Fla. 4th DCA 2002).
The reformation claim was not a significant issue. "Florida courts have repeatedly held descriptions of property in mortgages sufficient despite minor mistakes and irregularities where the description of the property intended to be encumbered could be determined from a review of the entire instrument." Salam v. U.S. Bank Nat'l Ass'n , 233 So.3d 473, 475 (Fla. 4th DCA 2017) (quoting Regions Bank v. Deluca , 97 So.3d 879, 884-85 (Fla. 2d DCA 2012) ).
In this case, the Bank did not intend to simply reform the legal description of the subject property but to foreclose upon Quintela's mortgage. Although the Bank did not succeed on its reformation count, the trial court ultimately ruled that the Bank could foreclose upon Quintela's property, and this court previously affirmed the foreclosure judgment. See Quintela v. Deutsche Bank Nat'l Tr. Co ., 229 So. 3d 353 (Fla. 4th DCA 2017). The fact that the Bank was able to obtain a final judgment of foreclosure without having to reform the legal description of the property shows that the reformation count was insignificant "in the scheme of this particular case." See Markin v. Markin , 953 So.2d 13, 15 (Fla. 4th DCA 2007) (holding that a party did not prevail where he "obtained no relief from the total amount he was required to pay, let alone relief that could be classified as significant"); see also Salam , 233 So.3d at 475.
For these reasons, we find that Quintela was not a prevailing party below, and reverse the trial court's order granting Quintela attorneys' fees and costs.
Reversed .
May, Ciklin and Klingensmith, JJ., concur.